PAUL J. CARNEY & others *vs.* LINCOLN RAMIREZ & others. March 31, 1986. *Workmen's Compensation Act,* Action against third person, Settlement agreement.

The question before us is the meaning of clause 4 of a settlement agreement entered into by the parties after the plaintiff employee and members of his family had obtained verdicts of $3,000,000. The action was originally brought against certain doctors and a hospital for negligent treatment of the employee after an automobile accident. The parties to the settlement agreement were the plaintiffs, their lawyer, the defendants, their insurers, and the workers' compensation insurer of the employee's employer. Pursuant to G. L. c. 152, § 15, see note 2, *infra*, the settlement agreement was approved by a judge of the Superior Court.[1]

Paragraph 4 of the agreement provides in relevant part:

> *"Discharge of Liens"* The insurers of the defendants "agree to discharge any and all Workers' Compensation liens, ONE HUNDRED SEVENTY THREE THOUSAND ($173,000.00) DOLLARS and Medicaid liens . . . pertaining to this action and to hold [the employee] harmless from any such responsibilities."

Paragraph 6 of the agreement set forth the amounts to be paid to the plaintiffs' lawyer and provides that the lawyer's signature to the agreement "shall constitute a warranty . . . that all claims for attorneys' fees for services in connection with this litigation have been satisfied by payment or agreement."

The present dispute is between the employer's workers' compensation insurer, Home Insurance Company (Home), which had paid the employee $172,832 in benefits, and the defendants' insurers (insurers). Relying on the italicized portion of G. L. c. 152, § 15, set forth in the margin,[2] the

---

[1] The judge who approved the settlement was not the trial judge. The record does not reveal why a judge other than the trial judge was involved.

[2] General Laws c. 152, § 15, as amended through St. 1980, c. 488, provides as follows: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay

insurers claimed that Home was required to pay its proportionate part of the attorney's fees of the plaintiff as set out in the statute.

Home denied that it was liable for such fees and brought a motion to enforce the settlement agreement. The motion was heard before the judge who had presided at the trial. He noted that the original motion seeking court approval of the settlement agreement pursuant to c. 152, § 15, recited that Home had a lien of $172,832 in the action and that the lien would be satisfied according to the terms of the settlement agreement which was attached to the motion. He determined that the agreement had been entered into by skilled counsel, that the parties had been free to spell out what, if any, deductions were to be made from the lien, and could have specified the precise amount Home was to receive. This was not done, and no deductions were mentioned in paragraph 4. The judge concluded that the language of paragraph 4 was not ambiguous and that Home was entitled to a discharge of the lien in the amount it had paid, namely $172,832.

We agree with the judge's interpretation. The agreement called for discharge of the lien and provided for payment of the plaintiffs' legal fees by the insurers. It did not provide for reimbursement by Home for any portion of these fees, nor did it refer to any deduction from the amount Home was to receive. Contrary to the insurers' contention, the fact that paragraph 4 contains a rounded figure ($173,000) rather than the exact figure paid by Home ($172,832) does not create ambiguity.

We also see no conflict between paragraph 4 as so interpreted and G. L. c. 152, § 15, or between that paragraph and the statutory policy underlying

damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person . . . . The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs exceeds the compensation paid under this chapter. The party bringing the action shall be entitled to retain any costs recovered by him. Any interest received in such action shall be apportioned between the insurer and the employee in proportion to the amounts received by them respectively, exclusive of interest and costs. *The expense of any attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively under this section.* Except in the case of a settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of the industrial accident board after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, which amount shall be determined by said board at the time of such approval. In the case of a settlement by agreement by the parties to and during a trial of such an action at law, the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, all the powers hereinbefore granted to the industrial accident board."

§ 15 or the cases relied on by the insurers, including *Eisner* v. *The Hertz Corp.*, 381 Mass. 127, 133 n.8 (1980). The provision in § 15 as to apportionment of fees applies when the parties have not agreed upon another arrangement which has received the court approval required by the statute. Cf. *Farrell's Case*, 344 Mass. 491, 494 (1962). In fact, some of the cases cited by the insurers specifically recognize that the parties may agree to an apportionment of fees other than that set out in the applicable statute. See e.g., *McCally* v. *Hartford Acc. & Indem. Co.*, 247 F. Supp. 444, 446 (D.D.C. 1965); *Modeen* v. *Consumers Power Co.*, 384 Mich. 354, 361 (1971).

> *Order enforcing agreement*
> *affirmed.*

*Anil Madan* (*Kathy A. Fokas* with him) for American Home Assurance Company & others.

*Norman P. Beane, Jr.* (*Richard C. Bardi* with him) for Home Insurance Company.