Doerfer, J.
This case arises out of a settlement agreement entered into by the plaintiff, Krikor Gennetian (“Gennetian”), the defendant, Broadway Electric Company, Inc. (“Broadway”), and Gennetian’s workers’ compensation lienholder, Liberty Mutual In *136 surance Company (“Liberty"), in a products liability case. Liberty has now moved for an order directing that settlement proceeds be paid to it, less Gennetian’s attorneys fees and expenses. For the reason which follow, Liberty’s motion is allowed.
BACKGROUND
Gennetian, in the course of his employment at the Ann & Hope Stores on April 10, 1987, was injured as a result of an electric shock allegedly caused by Broadway’s improper electrical maintenance of a display counter. As a result, Gennetian has been diagnosed with sympathetic reflex dystrophy of the right upper extremity. Liberty has paid workers’ compensation benefits to Gennetian since the date of the accident.
Gennetian instituted an action against Broadway alleging that his injury and disability were caused by Broadway’s negligence. When the case was called to trial, it was reported settled.[1] Gennetian, Broadway, and Liberty were each involved in the settlement. The parties agreed on a $60,000 total settlement, which was to be divided in thirds. Liberty and Gennetian would each receive $20,000 and Gennetian’s counsel would receive the other $20,000. Both Gennetian and Liberty concede that, as part of this settlement, Gennetian agreed to settle his pending workers’ compensation claim, which had given rise to a lien, byway of a single lump sum payment.[2] Gennetian, however, ultimately refused to settle his workers’ compensation claim and, instead, went forward with a claim for permanent and total disability.[3] On January 29, 1993, Gennetian successfully prosecuted a claim for permanent and total disability benefits under G.L.c. 152, §34A at the Department of Industrial Accidents (“DIA”). As of June 1, 1994, Liberty was continuing to pay benefits to Gennetian and its lien totalled $163,011.11. Liberty now contends that it is entitled to receive the settlement proceeds of the above-entitled action because Gennetian declined to settle his workers’ compensation claim as agreed.
DISCUSSION
Since the date of the settlement of this action, and the subsequent motion and appeal, the appellate courts have further emphasized an insurer’s right to full reimbursement of benefits pursuant to G.L.c. 152, §15. Rhode v. Beacon Sales Co., 410 Mass. 14, 18-19 (1993) (“Until an ‘excess’ recovery exists, the entire recovery is for the insurer”); Taylor v. Trans-Lease Group, 34 Mass.App.Ct. 404,409 (1993) (“Section 15hasbeenread without undue literalism in order to promote its purpose to ‘prevent the employee from having a double recovery’ ”) (citations omitted). However, the law remains that an “insurer may agree to accept less than the full reimbursement in connection with a settlement submitted for approval.” Taylor, supra at 409.
While Liberty agreed with Gennetian’s settlement agreement of $60,000 with a one-third split, it is clear that Liberty’s agreement was contingent on Gennetian’s promise to settle his workers’ compensation claim. Although, as Gennetian contends, only the DIA has the authority to approve a settlement of a workers’ compensation claim, in the present case, Gennetian not only refused to settle, but proceeded with a claim for permanent and total disability in violation of the agreement. Clearly, Liberty relied on Gennetian’s promise to settle his workers’ compensation claim when Liberty gave up its established right to receive the entire proceeds of the settlement under G.L.c. 152, §15.
The court further notes that Gennetian, who has continued to receive workers’ compensation in excess of $163,011.11, has been provided with ample consideration for his injuries. In fact, Gennetian’s financial position may well have improved through his conduct in disregarding the terms of the settlement agreement and in pursuing a claim for permanent and total disability. “The major principle favoring the insurer ... is that an employee should not recover both workers’ compensation benefits and damages at law for the same injury.” Taylor, supra at 408, quoting Eisner v. Hertz Corp., 381 Mass. 127, 131 (1980). Allowing Gennetian to maintain one-third of the settlement proceeds from Broadway and to continue to collect workers’ compensation benefits in violation of the settlement agreement would permit the type of double recovery which is strongly disfavored by the courts. Accordingly, Liberty is entitled to the entire amount of the settlement, less Gennetian’s attorneys fees and expenses.
ORDER
For the foregoing reasons, the Workers’ Compensation Lienholder, Liberty Mutual Insurance Company’s Motion for Approval of Third Party Settlement by Order Directing that Settlement Proceeds be Paid to Liberty Mutual is ALLOWED. The court hereby ORDERS the following disbursements of the $60,000 settlement proceeds:
1. Liberty Mutual Insurance Company, on account of its lien under G.L.c. 152, §15, $30,597.37.
2. Allen Rodman, Esq., on account of legal services rendered in connection with this third-party action, $20,000.00.[4]
3. Allen Rodman, Esq., in reimbursement of expenses incurred in connection with the above-entitled action $9,402.63.

Although Gennetian repudiated the settlement, this court (Doerfer, J.) rejected his withdrawal of the agreement. This decision was upheld by the Appeals Court (Brown, Kass, and Laurence, JJ) on June 18, 1993.

The parties disagree as to the amount of that lump sum payment.

Liberty opposed this claim.

Liberty has agreed to the above disbursements in accordance with G.L.c. 152, §15 and Carney v. Ramirez, 21 Mass.App.Ct. 994, 996 (1986) (expense of attorneys fees shall be divided between the insurer and the employee, unless otherwise agreed).