JOHN R. FARRELL's (dependent's) CASE.

Hampden.    May 8, 1962. — June 6, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Action against third person. *Practice, Civil,* Stipulation.

In the circumstances, where, following fatal injury of an employee arising out of and in the course of his employment through being struck by an automobile, his widow as his executrix brought an action under G. L. c. 152, § 15, for his death and conscious suffering against the owner and operator of the automobile and it was stipulated therein before judgment that the executrix would accept "in full payment for damages" a sum equivalent to the limit of the coverage of the liability insurance on the automobile but substantially less than the total amount of verdicts returned for the executrix, and that the insurer of the automobile, which was also the insurer of the employee's employer under the workmen's compensation act, would pay that sum and would waive reimbursement for dependency compensation previously paid by it to the widow under the act, it was held that by the stipulation the widow received as executrix the agreed sum paid as damages and that the obligation of the insurer to continue to pay her dependency compensation as widow under the act was not affected thereby.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *DeSaulnier, J.*

*Thomas L. Goggin* for the insurer.

*Frederick S. Pillsbury* for the claimant.

WHITTEMORE, J.   The facts, agreed to before the Indus-
trial Accident Board, were as follows:  The employee on
July 2, 1958, sustained injuries arising out of and in the
course of his employment when struck while on the public
way by an automobile owned and operated by William E.
Malinowski.   The injuries resulted in his death on July 3,
1958.   The employee was survived by his widow, Margaret,
and a dependent son, born October 12, 1940.   The Hartford
Accident and Indemnity Company (Hartford) was the car-
rier of both the workmen's compensation insurance of the
employer of Farrell and the automobile liability insurance
of Malinowski with a limit of coverage of $20,000 for the
injury or death of one person in one accident.   Margaret
claimed compensation under G. L. c. 152 for herself as
dependent widow and for a dependent son.   See § 32, as
amended through St. 1950, c. 738, § 4.   Under agreements
on file Hartford, as the compensation insurer, has paid the
required dependency compensation but now seeks an offset.

Hartford, as the compensation insurer, did not bring an
action against the third party, Malinowski, within nine
months.   Margaret, as executrix, brought such action and
the jury in the Superior Court returned a verdict of $25,735
on count 1 (conscious suffering) and $13,780 on count 2
(death).   The executrix, before entry of judgment, agreed
to accept $20,000 in full payment for damages and to release
Malinowski from all further liability.   Hartford, as the
liability insurer, agreed to pay, and has paid, the entire
amount of its coverage ($20,000) and, as the compensation
insurer, agreed to waive recovery of all payments made by
it under G. L. c. 152 prior to March 11, 1960, the date of
execution of the stipulation and agreement for entry of
judgment.

The single member in his findings ruled that the action
taken by Margaret as executrix "resulting in entry of judg-
ment of $20,000 which has been paid by . . . Hartford . . .
does not in any way affect or relieve [the] obligation of the
workmen's compensation insurer . . . to pay . . . [the]
dependent widow benefits under . . . [G. L. c. 152, § 31,

as amended through St. 1956, c. 588]." His findings in accordance with the stipulation, and his order that the insurer continue the payment of dependency compensation to the claimant widow, were affirmed by the reviewing board.

This is the insurer's appeal from the decree entered in the Superior Court that the dependency payments be made in accordance with the board's decision subject to the provisions of the workmen's compensation act.

There was no error.

We assume, but need not decide, that under G. L. c. 152, § 15, as amended through St. 1943, c. 432,[1] the insurer is entitled to full reimbursement from the proceeds of the law action against the third party before the claimant may receive any thereof. The rights of the insurer, however, are affected by the stipulation under which the settlement was made. This provided: "Whereas the executrix has agreed to accept twenty thousand dollars *in full payment for damages* and to release the defendant from all further liability [emphasis supplied]; . . . Hartford . . . will pay to the executrix the sum of twenty thousand dollars, of which thirteen thousand seven hundred eighty dollars is for the death, and six thousand two hundred twenty is for conscious suffering; . . . Hartford . . . agrees to waive recovery of all payments made to date under c. 152 of the General Laws . . . ."

---

[1] "[T]he sum recovered shall be for the benefit of the insurer unless such sum is greater than that paid by it to the employee. If the insurer brings the action four fifths of the excess shall be paid to the employee, and if the employee brings the action he shall retain the entire excess. . . . For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs, exceeds the compensation paid under this chapter. . . . Except in the case of a settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of the industrial accident board after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, which amount shall be determined by said board at the time of such approval. In the case of a settlement by agreement by the parties to, and during a trial of, such an action at law the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, all the powers hereinbefore granted to the industrial accident board. . . ."

Section 15 expressly provides that the hearing on the merits of the settlement is a time for determination of "the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement . . . ." The settlement stipulation is to be construed in the light of this provision.

Hartford obtained a reduction in the verdicts against its third party insured and this was not necessarily insignificant to Hartford even though the policy was limited to the amount paid. In any event, the executrix gave up her rights against the defendant. The stipulation specified that the executrix was accepting "twenty thousand dollars in full payment for damages."

In these circumstances we think that by the stipulation Hartford agreed that Margaret would have the $20,000 as executrix and not subject to offset against future compensation payments.

The final decree is affirmed and costs and reasonable expenses under G. L. c. 152, § 11A, as amended through St. 1957, c. 693, § 3, shall be allowed by the single justice.

*So ordered.*