MARGARET R. EISNER, administratrix, *vs.* THE HERTZ
CORPORATION & others.[1]

Suffolk. February 6, 1980. — July 11, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Damages,* For death, Loss of consortium. *Workmen's Compensation
Act,* Action against third person.

A workmen's compensation insurer was entitled to receive as reimburse-
ment under G. L. c. 152, § 15, those portions of the net proceeds of a
third-party settlement allocated to recipients of workmen's compensa-
tion benefits for wrongful death even though the statutory beneficiar-
ies under the death statute included three children of the decedent who
had not been recipients of compensation benefits. [129-133]
A workmen's compensation insurer was not entitled to receive as reim-
bursement under G. L. c. 152, § 15, a portion of the proceeds of a
third-party settlement which was designated as compensation pay-
ments for loss of consortium. [133-134]

CERTIFICATION of questions of law by the United States
Court of Appeals for the First Circuit.

*Paul F. X. Powers* for Hartford Accident and Indemnity
Company.

*Leonard Glazer* for the plaintiff.

LIACOS, J. The United States Court of Appeals for the
First Circuit has certified two questions to us pursuant to
our S.J.C. Rule 3:21, 359 Mass. 790 (1971). The court's ac-
companying statement of facts establishes the setting in
which the questions arose. Robert H. Eisner (employee)
was injured on July 11, 1972, during the course of his employ-
ment as a truck driver for the Boston Record American, a
division of the Hearst Corporation (employer). The injuries

[1] Hartford Accident and Indemnity Company and International Har-
vester Company.

caused his death on July 17, 1972. He left a widow, Margaret, a dependent minor child, and three children over eighteen at the time of the injury.

The employer's workmen's compensation insurer, the Hartford Accident and Indemnity Company (insurer), paid the employee compensation benefits under G. L. c. 152, §§ 34, 35A, for the period from July 12 to July 17, 1972. Thereafter, the insurer paid weekly death benefits under G. L. c. 152, § 31, to the widow and also to the dependent child until he reached majority on December 8, 1975. The insurer paid various other sums as well.[2]

The plaintiff administratrix brought suit in the United States District Court for the District of Massachusetts against The Hertz Corporation, lessor of the employer's truck involved in Eisner's accident, and International Harvester Company, manufacturer of the truck. G. L. c. 152, § 15. The trial began on November 14, 1977. On December 7, the parties, including the insurer, filed a stipulation of agreement to a settlement totaling $105,000. International Harvester agreed to pay $75,000, of which $60,000 was allocated to the death action; $10,000 was paid for personal injuries to the employee; and $5,000 was paid to the widow for loss of consortium. The Hertz Corporation agreed to pay $30,000 on the death action only. The insurer sought reimbursement of compensation payments from the amounts recovered.

At a hearing to determine the insurer's rights, a District Court judge awarded the insurer reimbursement of $2,791.98 from the $10,000 paid for the employee's personal injuries. However, the judge denied reimbursement to the insurer from amounts paid on the death and loss of consortium claims. According to the judge, the insurer could not have brought the death action, and the consortium injury was personal to the wife and was not the subject of a compensation claim. Thus, the insurer could not recover amounts paid for the latter two actions. The insurer appealed, and

---

[2] The insurer paid $1,000 in burial costs, G. L. c. 152, § 33, and $44,000 in specific injury benefits to which the employee had become entitled, G. L. c. 152, § 36A.

the appeal is pending in the United States Court of Appeals for the First Circuit.

The Court of Appeals has certified to us two questions:

"I. Whether a workmen's compensation insurer is entitled to receive as reimbursement under Mass. Gen. Laws Ann. ch. 152, § 15 those portions of the net proceeds of a third party settlement allocated to recipients of workmen's compensation benefits for wrongful death where the statutory beneficiaries under the death statute also included three children of the decedent who were not recipients of compensation benefits as a result of the industrial injury."

"II. Whether a workmen's compensation insurer is entitled to reimbursement under Mass. Gen. Laws Ann. ch. 152, § 15 of the portion of the net proceeds of a third party settlement for the loss of consortium of the widow."

We conclude that the insurer is entitled to reimbursement under the first question, but not the second.

1. In order to answer the first question, we must determine whether the plaintiff's action falls within G. L. c. 152, § 15, as amended through St. 1971, c. 941, § 1.[3] As

---

[3] General Laws c. 152, § 15, provides: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been claimed or paid under an agreement. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs, exceeds the compensation paid under this chapter. The party bringing the action shall be entitled to retain any costs recovered by him. Any interest received in such action shall be apportioned between the insurer and the employee in proportion to the amounts received by them respectively, exclusive of interest and costs. The expense of any attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively under this section. Except in the case of a settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of the industrial accident board

the decedent's legal representative, the plaintiff is an "employee" for purposes of § 15.  G. L. c. 152, § 1 (4).[4]  However, the action must be an attempt to enforce a damage liability arising from an "injury for which compensation is payable."  Although the record does not make clear the theory of the complaint, we can at least infer that this action arises under the wrongful death statute, G. L. c. 229.[5]  The date of the employee's death, July 17, 1972, precedes the effective date of the 1973 amendment which made the death act compensatory. St. 1973, c. 699, § 1, effective January 1, 1974.  We must look to G. L. c. 229, § 2, as amended through St. 1971, c. 801, § 1, in which the damages are "assessed with reference to the degree of culpability of the defendant and not by way of compensation for any loss sustained by the beneficiaries of the action." *Macchiaroli* v. *Howell*, 294 Mass. 144, 146 (1936).  See *Gaudette* v. *Webb*,

---

after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, which amount shall be determined by said board at the time of such approval.  In the case of a settlement by agreement by the parties to and during a trial of such an action at law, the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, all the powers hereinbefore granted to the industrial accident board. Nothing in this section, or in section eighteen or twenty-four shall be construed to bar an action at law for damages for personal injuries or wrongful death by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter for the employee's personal injury or wrongful death and said insured person's employees."

[4] General Laws c. 152, § 1 (4), as amended through St. 1972, c. 374, § 1, provides in pertinent part: "Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable."

[5] The United States Court of Appeals' statement of facts reports that certain portions of the two defendants' total settlement were "allocated to the action for the death of the plaintiff['s] intestate."  Later, the statement refers to the widow's "distributive share under the Wrongful Death Statute of Massachusetts."  From these remarks, we infer that the plaintiff brought an action under G. L. c. 229.

362 Mass. 60 (1972); *O'Connor* v. *Benson Coal Co.*, 301 Mass. 145, 148 (1938). A death action under the culpability statute has traditionally fallen within § 15. *Turnquist* v. *Hannon*, 219 Mass. 560 (1914). See *Farrell's Case*, 344 Mass. 491 (1962). Since 1971, § 15 has specifically mentioned actions for wrongful death, St. 1971, c. 941, § 1. Thus, to all appearances, § 15 applies to the present case.

However, in the peculiar nature of wrongful death actions, the party initiating suit, here the administratrix, is not identical with the persons who have the benefit of the proceeds. In § 15, the Legislature implicitly acknowledged the distinction between persons entitled to sue and persons entitled to proceeds of the suit: the section treats the two issues separately. No one disputes that the administratrix, as "employee," may initiate the present suit. The problem before us is that only some of the beneficiaries in the death action are dependents and therefore "employees" covered by § 15. G. L. c. 152, § 1 (4). In a similar context, under an earlier version of § 15,[6] we said that "the right of the . . . older children to participate in the damages that may be recovered in the death action was not subordinated to the right of the insurer to retain all the damages if necessary to reimburse itself for the payment of compensation and in case of any excess to pay it over in accordance with . . . § 15." *Reidy* v. *Old Colony Gas Co.*, 315 Mass. 631, 634-635 (1944).

The insurer does not seek reimbursement from the nondependents' shares, but only from the widow and dependent child. We must decide whether § 15's language governing distribution of proceeds applies to the "employees" entitled to receive the proceeds of the death action. The major principle favoring the insurer in this case is that an employee should not recover both workmen's compensation benefits and damages at law for the same injury. *McDonald* v. *Employers' Liab. Assurance Corp.*, 288 Mass. 170, 174 (1934). The widow and dependent child have received compensation payments, and the insurer is entitled to reimbursement.

---

[6] G. L. c. 152, § 15, as amended through St. 1929, c. 326, § 1.

The plaintiff argues in essence that the presence of nonde-pendents among the beneficiaries renders § 15 wholly inap-plicable. According to the plaintiff, the reimbursement re-quirement of § 15 applies only if the insurer may initiate the action. In *Reidy* v. *Old Colony Gas Co.*, *supra* at 634, we stated that the insurer may not bring a death action when only some of the beneficiaries are receiving compensation. Thus, the plaintiff concludes, the present action stands out-side the compass of § 15.

We disagree. The court in *Reidy* was correct that the in-surer may not commence the death action unless all of the beneficiaries receive compensation. However, we think that the clause, "the sum recovered shall be for the benefit of the insurer," applies to any "employee" action within § 15. Ordinarily, the employee's claim or receipt of com-pensation entitles the insurer to initiate suit, and the insurer's payment of compensation creates the right to reim-bursement. In the present case, the insurer's suit is preclud-ed for an exceptional reason: some beneficiaries of the ac-tion are not "employees." We find no necessary connection between the insurer's right to initiate suit and its right to reimbursement.

The plaintiff argues that the policy against double recov-ery does not apply. She invites us to compare the "limited weekly benefits of '$45 to the widow plus $6 for the depend-ent child'" with those available under the death statute. Such a comparison, the plaintiff remarks, demonstrates that the compensation benefits and the death action have "dif-ferent elements." Therefore, the plaintiff states, to permit the widow and child to retain both their compensation ben-efits and their damages would not give them double recovery.

In determining whether an employee has received double recovery, we do not focus on the dollar amounts recovered, but upon the nature of the injury asserted. For the insurer's right to reimbursement to attach, the injury must be one "for which compensation is payable." Also, the injury must create the liability for damage which the plaintiff seeks to enforce. In the instant case, the compensable injury, death,

is the very essence of the plaintiff's claim.[7] The insurer has paid the widow and dependent child death benefits under G. L. c. 152, § 31. Unless the insurer is entitled to reimbursement from the shares of the widow and dependent child, they will receive a double recovery.[8]

If a wrongful death action in which only some of the beneficiaries receive compensation payments terminates in settlement, the nondependents are entitled to their full shares. The insurer may then obtain reimbursement from the combined shares of the persons receiving workmen's compensation. Moreover, the insurer may offset future compensation payments against that combined sum. *Richard* v. *Arsenault*, 349 Mass. 521, 524-525 (1965).

2. The second question before us is whether the insurer is entitled to reimbursement from the wife's recovery for loss of consortium. The wife's recovery did not occur pursuant to § 15, but as part of a voluntary settlement in which the parties designated an amount as compensation for loss of consortium. Section 15 does not require reimbursement for an injury not compensable under c. 152. The wife received

---

[7] The plaintiff does not argue that the action under the former provisions of the death statute requires unusual treatment because the damages are punitive. In any event, § 15 does not require that the third-party action seek compensatory damages for the injury. The section requires only that the action seek "damages." And "damages" is the word traditionally used to describe the recovery under the punitive statute. *Macchiaroli* v. *Howell*, 294 Mass. 144, 146 (1936).

[8] The plaintiff argues that it would be particularly unfair to award the insurer reimbursement because the insurer has not participated in the risks of this litigation. The plaintiff points out that, if the litigation had been lost, the insurer would not have been liable for a pro rata share of the legal fees. This argument carefully avoids pointing out what happens if an employee succeeds in a § 15 action. Section 15 requires the insurer to pay a pro rata share of attorneys' fees. The parties also receive pro rata shares of the interest recovered, and the employee retains all costs recovered. Thus, although the plaintiff is correct to say that the widow bore all risks of litigation until the parties settled, the insurer must now bear its share of litigation costs. Moreover, in an action that the insurer may initiate, the insurer bears all risks until damages are recovered. In these circumstances, we do not think unfair the requirement that the widow and dependent child reimburse the insurer.

no separate compensation payments for loss of consortium. Nowhere does c. 152 suggest that loss of consortium is a compensable injury. Under the punitive death statute applicable here, damages for loss of consortium were not available. G. L. c. 229, § 2, as amended through St. 1971, c. 801, § 1. The parties, having stipulated that $5,000 was for loss of consortium of the plaintiff widow, are bound by that stipulation. *Farrell's Case, supra.* The insurer is not entitled to reimbursement for the damages paid for loss of consortium.

The insurer is entitled to reimbursement under the first question, but not under the second. The Reporter of Decisions and the clerk of this court are to follow the procedures set out in *Hein-Werner Corp.* v. *Jackson Indus., Inc.,* 364 Mass. 523, 530-531 (1974), for furnishing copies of this opinion and transmitting them.

*So ordered.*