KATHLEEN CURRY, executrix,[1] vs. GREAT AMERICAN
INSURANCE COMPANY.

No. 10-P-2014.

Worcester. September 13, 2011. - October 5, 2011.

Present: MILLS, SMITH, & WOLOHOJIAN, JJ.

*Workers' Compensation Act,* Action against third person, Settlement agreement.
*Damages,* Loss of consortium, Conscious pain and suffering.

A worker's compensation insurer was not entitled to reimbursement under
G. L. c. 152, § 15, of the portion of proceeds of a third-party settlement al-
located for the loss of consortium of a widow [594-596] or for the decedent
employee's conscious pain and suffering [596-597].

CIVIL ACTION commenced in the Superior Court Department on
April 9, 2008.
Proceedings with regard to allocating settlement proceeds in
a third-party action were had before *James R. Lemire*, J., and
*Richard T. Tucker*, J., and entry of final judgment was ordered
by *Cornelius J. Moriarty, II*, J.
*Holly B. Anderson* for the defendant.
*Stephen J. Brown* for the plaintiff.

SMITH, J. Following the entry of judgment by a judge of the
Superior Court approving the allocation of settlement proceeds
in a third-party action, see G. L. c. 152, § 15, the defendant
workers' compensation insurer, Great American Insurance
Company (Great American), appealed, seeking a greater reim-
bursement of benefits it paid to the decedent's widow. We affirm.

*Background.* Bruce A. Pietila died on July 2, 2000, five days
after a motor vehicle accident that occurred during the course
of his employment. The executrix of his estate, the plaintiff
Kathleen Curry, filed a medical malpractice action against the

[1]Of the estate of Bruce A. Pietila.

hospital where he died and physicians there, alleging negligence and wrongful death pursuant to G. L. c. 229, §§ 2, 6. On April 30, 2007, the parties to that action agreed to what is termed a "high-low" binding arbitration, wherein the plaintiff would recover at least $300,000 regardless of the outcome of the arbitration, but no more than $1.5 million. Following the arbitration, the plaintiff recovered an unallocated $300,000.

Great American thereafter filed a statutory lien to recover the amounts it had paid in workers' compensation benefits to the decedent's widow, Deborah Pietila, pursuant to G. L. c. 152, § 15.[2] On April 9, 2008, the plaintiff responded by filing the present action for declaratory relief seeking to have the lien declared invalid. Great American moved for summary judgment. By order dated November 4, 2009, a judge of the Superior Court determined that the $300,000 recovered from the arbitration constituted settlement proceeds and that Great American's lien was valid.

The parties thereafter submitted their proposed allocations for judicial approval. Great American proposed that a total of $250,000 was subject to the lien, which included allocations for loss of consortium and conscious pain and suffering of the victim. On the other end of the spectrum, the plaintiff proposed allocations for loss of consortium, conscious pain and suffering, and attorney's fees to which the lien would not attach, leaving only $18,951.51 for the insurer.

After review, a second Superior Court judge determined that neither proposed allocation had "a sound basis in the law." First, with regard to the insurer's proposal, the judge determined that compensation for conscious pain and suffering was not subject to the insurer's lien, because pain and suffering was not a compensable injury under the workers' compensation statute,

---

[2]The lien was filed pursuant to G. L. d. 152, § 15, as appearing in St. 1991, c. 398, § 39, which provides, in relevant part:

> "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured . . . [e]ither the employee or insurer may proceed to enforce the liability of such person . . . . The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee."

G. L. c. 152, §§ 1 et seq. Second, the judge concluded that the lien could not attach to an allocation for loss of consortium, citing *Eisner* v. *Hertz Corp.*, 381 Mass. 127, 132-133 (1980). Lastly, the judge found the plaintiff's proposal equally unsatisfactory, as "[n]ot one dime of the settlement is allocated to the loss of the decedent's income," which, according to the judge, demonstrated an unfair attempt to deprive the insurer of the proceeds of the settlement. The judge thus ordered the parties to resubmit their proposed allocations, "which should more fairly and reasonably reflect the percentages of the settlement allocable to loss of net income, to which the lien may attach, and loss of consortium, to which it may not."[3]

Following the parties' submission of their revised allocations of the settlement amount, the same judge who reviewed the first proposed allocations approved the plaintiff's revised proposal. That allocation included a fair and reasonable amount representing the lost net expected income payments that were made on behalf of the decedent. As approved, the allocation is as follows: "$100,000 representing net expected loss of income; $100,000 representing conscious pain and suffering of the deceased . . . and which is a claim of [his estate]; and loss of consortium damages of [the decedent's emancipated son] of $40,000 and Deborah Pietila of $60,000." This appeal followed.[4]

*Discussion.* Great American argues on appeal that in addition to the share it was allocated for loss of net income, it is also entitled to the remainder of the settlement proceeds, including the sums allocated for loss of consortium and conscious pain and suffering. We agree with the judge that loss of consortium

---

[3]The judge also noted that a "central difficulty of the case" was that the settlement was a "fait accompli" presented to the judge after the fact, and that "[w]hile a judge may only approve or disapprove of a settlement allocation, [the judge] is not allowed to impose his or her own formula for the same." See *Hultin* v. *Francis Harvey & Sons, Inc.*, 40 Mass. App. Ct. 692, 698 n.8 (1996).

[4]The plaintiff argues that Great American's appeal is untimely because it filed its notice of appeal over six months after the order approving the allocation entered on March 16, 2010. Judgment was not entered, however, until September 30, 2010. Great American filed its notice less than a week later. The plaintiff's argument is accordingly without merit, as the date judgment enters determines when notice must be filed. See Mass.R.A.P. 4, as amended, 430 Mass. 1603 (1999).

and conscious pain and suffering are not compensable injuries under the workers' compensation statute, and therefore are not reimbursable under G. L. c. 152, § 15.

"General Laws c. 152, § 15, enables an injured employee . . . who has received workers' compensation benefits, to seek damages against a negligent third party. 'The sum recovered,' however, 'shall be for the benefit of the insurer, unless such sum is greater than that paid by [the insurer] to the employee . . . .' " *Hultin* v. *Francis Harvey & Sons, Inc.*, 40 Mass. App. Ct. 692, 694 (1996), quoting from G. L. c. 152, § 15, as appearing in St. 1991, c. 398, § 39. "In determining whether an employee has received double recovery, we do not focus on the dollar amounts recovered, but upon the nature of the injury asserted. For the insurer's right to reimbursement to attach, the injury must be one 'for which compensation is payable.' " *Eisner* v. *Hertz Corp.*, 381 Mass. at 132, quoting from G. L. c. 152, § 15. In this case, the plaintiff stands in the shoes of the deceased employee for the purposes of § 15. *Id.* at 130-131. We address each claim in turn.

a. *Loss of consortium.* In *Eisner* v. *Hertz Corp., supra* at 129, the Supreme Judicial Court was charged with answering the following certified question from the United States Court of Appeals for the First Circuit: "Whether a workmen's compensation insurer is entitled to reimbursement under [§ 15] of the portion of the net proceeds of a third party settlement for the loss of consortium of the widow." The court answered in the negative, observing that "[s]ection 15 does not require reimbursement for an injury not compensable under c. 152. The wife received no separate compensation payments for loss of consortium. Nowhere does c. 152 suggest that loss of consortium is a compensable injury." *Id.* at 133-134. See *Hultin* v. *Francis Harvey & Sons, Inc., supra* at 695 ("claims of the spouse of an injured employee for loss of consortium . . . are entirely independent and distinct from the personal injury claims of the employee"); *Wilson's Case*, 67 Mass App. Ct. 1, 7-8 (2006) (settlement payments based on claimant's loss of consortium claim "are related to the claimant's own independent loss stemming from the workplace incident. As such, the settlement payments are not subject to a lien by the employer, and G. L. c. 152,

§ 15, which is designed to guard against double recovery by an employee or dependent, does not apply"). Accordingly, in this case, the allocations for loss of consortium stemming from the plaintiff's wrongful death action are not reimbursable to Great American under § 15.[5]

Great American argues that, unlike in *Eisner* v. *Hertz Corp.*, *supra* at 125, the widow and son in this case did not bring a separate action for loss of consortium, and for that reason the holding in *Eisner* is distinguishable. We agree with the judge below that such a result would put form over substance. Loss of consortium-like damages are encompassed in the wrongful death statute,[6] as is conceded by Great American, and the allocation in question was specifically set aside for loss of consortium, rather than for the general wrongful death action. Further, the reasoning behind the court's holdings in the cited cases does not derive from the fact that a spouse or other family member brought a separate loss of consortium claim, but from the independent nature of the loss suffered by that person.

b. *Conscious pain and suffering.* We likewise agree with the judge below that workers' compensation benefits do not compensate an injured employee for conscious pain and suffering. It is a well-settled principle that "the primary goal of [the workers' compensation statute] is wage replacement." *Sellers's Case*, 452 Mass. 804, 808 (2008), quoting from *McDonough's Case*, 448 Mass. 79, 83 (2006). As such, workers' compensation benefits "differ from tort damages in that benefits provided by the

---

[5]We add that Great American has not raised any claim regarding the fairness of the allocation, as discussed in *Hultin* v. *Francis Harvey & Sons, Inc.*, 40 Mass. App. Ct. at 698-699. Thus, there is no concern here that "the loss of consortium of a spouse or family member has been so structured as to insulate a significant portion of the proceeds from the insurer's statutory rights to full reimbursement of compensation benefits it has already paid, and to a possible offset against any excess recovery for future compensation benefits it may have to pay." *Id.* at 699.

[6]General Laws c. 229, § 2, as appearing in St. 1973, c. 699, § 1, provides, in relevant part:

> "A person who (1) by his negligence causes the death of a person . . . shall be liable in damages . . . , including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered . . . ."

[statute] are 'by way of relief through inability to earn or for deprivation of support flowing from wages theretofore received by the employee.' " Nason, Koziol, & Wall, Workers' Compensation § 1.8, at 9 (3d ed. 2003), quoting from *Ahmed's Case*, 278 Mass. 180, 183 (1932). Thus, workers' compensation payment "is not for the injury as such or for 'pain and suffering.' " *Ibid.* See *Crowley's Case*, 287 Mass. 367, 374-375 (1934) (noting that "impairment of earning capacity is ordinarily necessary in order that an injury may be compensable" and holding that an "injury, standing alone, made no case for compensation").[7] Great American's claim that it is entitled to the allocation for conscious pain and suffering is therefore without merit.

*Judgment affirmed.*

---

[7]Great American fails to address these principles in its brief when it asserts that if Bruce Pietila had not died, any tort-based recovery he might have received would have been subject to a lien by the insurer. Its argument then boils down to the fact, already noted *supra,* that in the event an injured employee dies, a legal representative stands in the shoes of the deceased for the purposes of G. L. c. 152, § 15. This observation has no bearing on our result.