Berry, J.
This appeal involves a workers’ compensation insurer’s lien under G. L. c. 152, § 15, and poses the question whether, in cases where an injured employee receives workers’ compensation benefits and then sues and successfully negotiates the allocation of noneconomic damages to the employee in a lawsuit against a third-party tortfeasor, the § 15 lien attaches to the noneconomic damage recovery, such as for pain and suffering.
*590 We conclude that this interlocutory appeal[3] 4from an order denying the plaintiff’s amended petition for settlement is controlled by this court’s previous decision in Curry v. Great Am. Ins. Co., 80 Mass. App. Ct. 592 (2011) (Curry).[4] Curry held that an insurer’s lien under G. L. c. 152, § 15, did not reach the settlement proceeds of an employee’s third-party action that were allocated to the worker for his pain and suffering and to his spouse for loss of consortium. The fact that Curry was a wrongful death action brought by the estate of a deceased worker, and that this case is a tort action brought by an injured worker, does not, we believe, provide a meaningful basis on which to distinguish Curry, and not apply its rationale.[5] As the Curry court pointed out, a deceased worker’s legal representative “stands in the shoes of the deceased” worker for purposes of § 15. Curry, supra at 595 & 597 n.7.
We begin by noting that the holding in Curry has been followed by the Department of Industrial Accidents. See Circular Letter No. 341, issued by the department on April 12, 2012, which states, in pertinent part:
“The department is presently revising its § 15 interactive calculator [for allocations under G. L. c. 152, § 15,] and petition in light of the Curry decision.
“Henceforth § 15 petitions submitted to the industrial accident board for approval should specify the amount allocated to compensate the employee for her/his conscious pain and suffering, as well as any amount(s) recoverable in damages for the loss of consortium claims of family members. Amounts so allocated are beyond the reach of the workers’ compensation insurer’s lien, and therefore are not subject to offset against the employee’s entitlement to c. 152 benefits.”
See Nason, Koziol, and Wall, Workers’ Compensation § 27.12, at 100 & n.9.50 (Supp. 2014) (“The Massachusetts Appeals Court has clearly settled this debate, holding [in Curry] that the double recovery [prohibition] is limited to compensation payments; *591 therefore, the insurer cannot receive reimbursement from that portion of the third party recovery attributable to payment for the employee’s conscious pain and suffering.”) The settled interpretation of a statute “ought not to be lightly disturbed. Stability of interpretation is signally desirable in [such] matters.” Commissioner of Rev. v. Oliver, 436 Mass. 467,475 (2002), quoting from Welch v. Boston, 211 Mass. 178, 185 (1912).[6]
As further addressed herein, Curry is in accord with Eisner v. Hertz Corp., 381 Mass. 127, 133 (1980) (holding that a § 15 lien did not apply because that section does not “require reimbursement for an injury not compensable under c. 152”); Huitin v. Francis Harvey & Sons, 40 Mass. App. Ct. 692, 695 (1996) (a claim for loss of consortium is “entirely independent and distinct from the personal injury claims of the employee,” which would be subject to a § 15 lien); and Wilson’s Case, 67 Mass. App. Ct. 1, 7-8 (2006) (§ 15 does not apply to settlement payments based on loss of consortium claim).
Accordingly, we vacate the order denying the amended petition for settlement and remand the case to the Superior Court for entry of an order consistent with this opinion.[7]
1. Background. The essential facts are not in dispute. On October 11, 2004, Robert M. DiCarlo (DiCarlo) suffered serious personal injuries as a result of an accident while working as an electrician at a construction site. He was out of work for two and one-half years and collected workers’ compensation benefits for his medical expenses ($48,431.16) and lost wages ($233,387.95) from his employer’s insurer, Twin City Fire Insurance Company (insurer). In March, 2007, pursuant to G. L. c. 152, § 15, DiCarlo filed a third-party lawsuit against the general contractor and owner of the property where the injury occurred (Suffolk Construction, Inc., and Walker Brook Crossing, LLC). DiCarlo amended his complaint, without opposition, to add a loss of consortium claim on behalf of his wife, Deborah. The parties *592 participated in mediation and settled DiCarlo’s lawsuit for $100,000, which was to be paid by the insurer of the defendants and third-party defendant.[8]
The Superior Court judge conducted an evidentiary hearing on DiCarlo’s amended petition for settlement and allowed counsel for the parties to inquire of both DiCarlo and his wife. DiCarlo also submitted certified copies of his medical records. G. L. c. 233, § 79G. The judge made detailed findings of fact in which she found DiCarlo and his wife “to be credible in every particular.”[9] The judge found that the evidence supported DiCarlo’s proposed thirty-five percent allocation of the settlement funds as compensation for his pain and suffering and thirty-five percent allocation as compensation for his wife’s claim for loss of consortium.[10] However, the judge went on to conclude that the proposed allocation to DiCarlo of thirty-five percent of the settlement proceeds for pain and suffering was subject to the insurer’s lien under G. L. c. 152, § 15.[11] Approval of the proposed settlement was consequently denied.
2. Discussion. On appeal, DiCarlo contends that this case is controlled by Curry. We agree. As previously referenced, in Curry this
*593 court held that damages for conscious pain and suffering recovered by the estate of a deceased worker, and damages for loss of consortium recovered by the decedent’s family members in a third-party action, were not reimbursable to the insurer under G. L. c. 152, § 15, because conscious pain and suffering and loss of consortium are not compensable injuries under G. L. c. 152. Curry, supra at 594-595. Accordingly, an insurer’s lien under G. L. c. 152, § 15, did not reach a claim for loss of consortium recovered in a third-party action because such claims were “entirely independent and distinct from the personal injury claims of the employee.” Id. at 595, quoting from Huitin v. Francis Harvey & Sons, 40 Mass. App. Ct. at 695. The Curry court made it clear that it was the distinction between the types of damages an injured employee can recover under G. L. c. 152 (lost wages and medical expenses) compared to what can be recovered in a tort action (loss of earning capacity, medical expenses, and pain and suffering) that was determinative of the scope of an insurer’s lien under G. L. c. 152, § 15. See Curry, supra at 596-597 & n.7. The Curry decision relies on the following precedent, which is summarized in the decision as follows:
“In Eisner v. Hertz Corp., supra at 129, the Supreme Judicial Court was charged with answering the following certified question from the United States Court of Appeals for the First Circuit: ‘Whether a workmen’s compensation insurer is entitled to reimbursement under [§ 15] of the portion of the net proceeds of a third party settlement for the loss of consortium of the widow.’ The court answered in the negative, observing that ‘[s]ection 15 does not require reimbursement for an injury not compensable under c. 152. The wife received no separate compensation payments for loss of consortium. Nowhere does c. 152 suggest that loss of consortium is a compensable injury.’ Id. at 133-134. See Hultin v. Francis Harvey & Sons, Inc., supra at 695 (‘claims of the spouse of an injured employee for loss of consortium ... are entirely independent and distinct from the personal injury claims of the employee’); Wilson’s Case, 67 Mass. App. Ct. 1, 7-8 (2006) (settlement payments based on claimant’s loss of consortium claim ‘are related to the claimant’s own independent loss stemming from the workplace incident. As such, the settlement payments are not subject to a lien by the employer, and G. L. c. 152, § 15, which is designed to guard *594 against double recovery by an employee or dependent, does not apply’).”
Curry, supra at 595-596.
The holding in Curry is consonant with the statutory purposes underlying the workers’ compensation laws in G. L. c. 152, which is to protect workers. This principle has been consistently reaffirmed by the Supreme Judicial Court:
“It has long been recognized that the Act ‘was enacted as a “humanitarian measure” in response to strong public sentiment that the remedies afforded by actions of tort at common law did not provide adequate protection to workers.’ It is designed to provide financial compensation for the impairment of an injured worker’s earning capacity. The Act is ‘a remedial statute and should be given a broad interpretation, viewed in light of its purpose and to “promote the accomplishment of its beneficent design.’ ” Further, it must be analyzed ‘as a whole ... so that the various portions taken together shall constitute a harmonious and consistent legislative enactment.’”
Spaniol’s Case, 466 Mass. 102, 106-107 (2013) (citations omitted).
Thus, we follow Curry as the binding precedent of this court and hold in this case that DiCarlo’s compensation for pain and suffering was not subject to the G. L. c. 152, § 15, insurer’s lien.
The order denying the amended petition for settlement is reversed, and a new order shall enter consistent with this opinion.

So ordered.

Leave to file an interlocutory appeal was granted by a single justice of this court.

The Supreme Judicial Court denied further appellate review in Curry. See 461 Mass. 1103 (2011).

In denying the amended petition, the judge relied on the distinction that Curry was a wrongful death case, a distinction that we reject.

We note that the Legislature is “presumed to be aware of the manner in which its statutes have been interpreted.” Boyle v. Weiss, 461 Mass. 519, 524 (2012), quoting from Commonwealth v. Wynton W., 459 Mass. 745, 751 (2011). Our research into legislative activity post-Curry indicates that no bills were filed to amend G. L. c. 152, § 15, in response to this court’s holding in Curry regarding allocations for independent noneconomic-based causes of actions, such as for pain and suffering.

We acknowledge the amicus brief submitted by the National Association of Subrogation Professionals.

Pursuant to court order, this agreed-upon settlement amount was placed in a trust account. As a consequence, the defendants and third-party defendant were relieved of the necessity of any involvement in this appeal.

The judge found that DiCarlo’s pain was “relentless,” and “[o]n a scale of one to ten, he placed his pain level at plus ten all the time. He could not work. He became moody and irritable .... He required considerable pain medication which made him somewhat incoherent. Sexual intimacy became impossible [and] the injury harmed the marriage.” The judge also found that DiCarlo “had a herniated L2-3 disc with L2 nerve root compression; he required considerable pain management. This court credits the complaints by [DiCarlo] of constant pain and interference with quality of life that are consistent with and corroborated by the medical record. Moreover, each member of this couple suffered near-equally as a result of [DiCarlo’s] injury.”

DiCarlo’s settlement proposal requested that approximately thirty-five percent of the settlement be awarded to him for his pain and suffering, approximately thirty-five percent be awarded to his wife for her loss of consortium, and approximately thirty percent to the insurer to satisfy its lien, with each portion again assigned a pro rata share of the attorney’s fees and costs. The insurer proposed that it should receive no less than ninety percent of the settlement and that no more than ten percent be awarded to DiCarlo’s wife if the court found her claim for loss of consortium supported by the evidence.

The judge also ruled that an allocation of thirty-five percent of the settlement proceeds resulting from the third-party action to the wife for her consortium claim was not subject to the insurer’s lien under G. L. c. 152, § 15. This aspect of the judge’s decision has not been not challenged.