NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11854
SJC-11853


ROBERT M. DiCARLO  vs.  SUFFOLK CONSTRUCTION CO., INC.,
& others;[1] PROFESSIONAL ELECTRICAL CONTRACTORS OF
CONNECTICUT, INC., third-party defendant.

BERNARD J. MARTIN & another[2]  vs.  ANGELINI PLASTERING,
INC., & others.[3]


 Suffolk.  Middlesex.      October 8, 2015. - February 12, 2016.

  Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, & Lenk,
                             JJ.


Workers' Compensation Act, Action against third person,
     Settlement agreement, Insurer.  Lien.  Statute,
     Construction.



     Civil action commenced in the Superior Court Department on
March 29, 2007.

     A petition for settlement was heard by Frances A. McIntyre,
J.

_____

     [1] Walter Brook Crossing, LLC; Twin City Fire Insurance
Company, interested party.

     [2] Nora Martin, individually and as parent and next friend of
Philip Martin.

     [3] Shawmut Design and Construction; Hartford Insurance
Company of the Midwest, interested party.

A proceeding for interlocutory review was heard in the Appeals Court by Judd J. Carhart, J.  After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

Civil action commenced in the Superior Court Department on September 15, 2011.

A petition for settlement was heard by Dennis J. Curran, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

Wystan M. Ackerman for Twin City Fire Insurance Company & another.
Charlotte E. Glinka for Bernard Martin & another.
Thomas R. Murphy for Robert M. DiCarlo.
Paul M. Kessimian & David J. Pellegrino, for American Insurance Association, amicus curiae, submitted a brief.
Annette Gonthier Kiely, Michael C. Najjar, & J. Michael Conley, for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.


LENK, J.  Under Massachusetts law, employees who receive workers' compensation benefits may not sue their employers for claims arising from work-related injuries.  See G. L. c. 152, § 24.[4]  Employees may, however, file claims against third parties for damages arising from those injuries.  See G. L. c. 152, §§ 15, 24.  When an employee recovers damages from a third party, the workers' compensation insurer is statutorily entitled to a lien on the recovery in the amount that the insurer paid to the employee in benefits.  See G. L. c. 152, § 15.  In these two

---

[4] Employees may, however, opt out of the workers' compensation system at the time of their hire.  See G. L. c. 152, § 24.  If they do so, they retain their rights to sue at common law for damages, see id., but lose their rights to workers' compensation benefits.  See G. L. c. 152, § 26.

cases, we are asked to ascertain the extent of this lien and, in particular, to clarify whether the lien attaches to damages paid by a third party for an employee's pain and suffering.

The cases involve two employees, Robert M. DiCarlo and Bernard J. Martin, who were injured in the course of their employment, collected workers' compensation benefits, and then reached settlement agreements with third parties including damages for, among other things, their pain and suffering. The same insurer insured both employers.[5] The insurer sought reimbursement under G. L. c. 152, § 15, from the employees' recoveries, including their awards for pain and suffering. In DiCarlo's case, a Superior Court judge rejected a settlement agreement providing that the insurer would not have a lien on the damages for pain and suffering, concluding that the insurer's lien attached to DiCarlo's entire recovery. DiCarlo appealed, citing the Appeals Court's decision in Curry v. Great American Ins. Co., 80 Mass. App. Ct. 592, 595 (2011) (Curry), which held that an insurer's lien does not attach to damages paid for pain and suffering because workers' compensation does not cover those harms. In Martin's case, a Superior Court judge approved a settlement agreement similar to the agreement

---

[5] Twin City Fire Insurance Company is a subsidiary of Hartford Insurance Company of the Midwest. For simplicity, we refer to both entities as "the insurer."

rejected by the judge in DiCarlo's case; the insurer appealed from this decision.

Relying in both cases on its precedent in Curry, the Appeals Court determined that the employees' awards for pain and suffering were exempt from the insurer's liens.  See DiCarlo v. Suffolk Constr. Co., 86 Mass. App. Ct. 589 (2014); Martin v. Angelini Plastering, Inc., 86 Mass. App. Ct. 1122 (2014).  We granted the insurer's applications for further appellate review and combined the two cases for argument.  We conclude, similarly, that an insurer's lien does not extend to damages allocated to an employee's pain and suffering.

1.  Background and procedural history.  In October, 2004, DiCarlo suffered serious injuries to his back while working as an electrician at a construction site.  The injuries resulted in ongoing physical and emotional suffering.  In the wake of these injuries, the workers' compensation insurer for DiCarlo's employer paid him workers' compensation benefits for medical expenses ($48,431.16) and for lost wages ($233,387.95).

DiCarlo and his wife then filed a tort action in the Superior Court against the defendants:  Walter Brook Crossing, LLC, the owner of the construction site where DiCarlo worked; and Suffolk Construction Co., Inc., the contractor managing that site.  The defendants then filed third-party complaints against Professional Electrical Contractors of Connecticut, Inc.

(Professional Electrical), seeking indemnification. The defendants and Professional Electrical thereafter reached an agreement with DiCarlo to settle all claims for $100,000. After reaching this agreement, the parties presented a proposed settlement agreement to the court as required by G. L. c. 152, § 15. The agreement allocated thirty-five per cent of the settlement to DiCarlo's pain and suffering, indicating specifically that the amount would not be subject to the insurer's lien.

A Superior Court judge reviewed the settlement agreement and, as required by G. L. c. 152, § 15, gave the insurer an "opportunity to be heard" on the fairness of the settlement. The insurer objected to the agreement, arguing that, the Curry case notwithstanding, its lien should attach to the award for pain and suffering. The judge agreed with the insurer and declined to approve the settlement. DiCarlo appealed, and the Appeals Court reversed. See DiCarlo v. Suffolk Constr. Co., supra at 594.

Martin was injured in August, 2010, while working as an electrician at a construction site. Since then, he has suffered ongoing physical pain and mental anguish. The insurer paid Martin $566,392.94 in benefits.[6] Martin and his wife thereafter

---

[6] The record does not indicate how this amount was apportioned between lost wages and medical expenses.

filed a tort action against Angelini Plastering, Inc., a subcontractor at the construction site where Martin was injured, and Shawmut Design and Construction, the general contractor managing that site.  The parties agreed to settle all claims for $1 million.

In a settlement agreement filed pursuant to G. L. c. 152, § 15, the parties requested that thirty per cent of the payment be allocated to Martin's pain and suffering, and that the amount be exempt from the insurer's lien.  A different Superior Court judge approved the settlement, over the insurer's objection that the award for pain and suffering should be included in its lien. The insurer, as an interested party, appealed from the judge's decision, and a panel of the Appeals Court affirmed.  See Martin v. Angelini Plastering, Inc., supra.

2.  Discussion.  General Laws c. 152, § 15 (§ 15),[7] generally provides that, where an injured employee collects

_____

[7] General Law c. 152, § 15, provides, in relevant part:

"Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. . . .  The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee.  For the purposes of this section, 'excess' shall mean the amount by which the gross sum received in payment for the injury exceeds the compensation paid under this chapter. . . .

workers' compensation benefits and then recovers damages for the same injury from a third-party tortfeasor, "[t]he sum recovered [from the third party] shall be for the benefit of the [workers' compensation] insurer."  The "sum" to which the insurer is entitled is described, in the next sentence, as "the gross sum received in payment for the injury."  G. L. c. 152, § 15.

The nub of the dispute before us concerns the meaning of the phrase "gross sum received in payment for the injury," and,

---

Except in the case of settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of either the board [of the Department of Industrial Accidents (department)], the reviewing board [of the department], or the court in which the action has been commenced after a hearing in which both the employee and the insurer have had an opportunity to be heard.  At such hearing the court shall inquire and make a finding as to the taking of evidence on the merits of the settlement, on the fair allocation of amounts payable to the employee and the employee's spouse, children, parents and any other member of the employee's family or next of kin who may have claims arising from the injury for which are payable, under this chapter in which the action has been commenced after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, and on the amount of excess that shall be subject to offset against any future payment of benefits under this chapter by the insurer, which amount shall be determined at the time of such approval. . . .  In the case of a settlement by agreement by the parties to and during a trial of such an action at law, only the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, his family members, and the insurer, the powers granted in the preceding sentence."

in particular, the meaning of the word "injury."  The employees urge that "injury" be construed narrowly to mean only those injuries for which workers' compensation benefits are payable, thereby excluding pain and suffering from its purview and, by consequence, excluding damages for pain and suffering from the reach of an insurer's lien.  The insurer, on the other hand, advocates a more expansive view of the term "injury" as used in the phrase "gross sum received in payment for the injury."  By including pain and suffering within the meaning of "injury," all damages awarded the employee would be subject to the insurer's lien.[8]  For the reasons that follow, we conclude that both statutory language and legislative intent support the narrower meaning of "injury," and that damages for pain and suffering are not within the insurer's lien.

Like all statutory provisions, § 15 "must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the

---

[8] Certain amounts are, however, expressly exempt from the insurer's lien.  General Laws c. 152, § 15, excludes from the lien an employee's "excess" recovery (defined as "the amount by which the gross sum received in payment for the injury exceeds the [workers'] compensation paid"), as well as any "amounts payable to the . . . employee's spouse, children, parents and any other member of the employee's family or next of kin" for their loss of consortium.  Id.

main object to be accomplished, to the end that the purpose of its framers may be effectuated." Galenski v. Erving, 471 Mass. 305, 309 (2015), quoting Worcester v. College Hill Props., LLC, 465 Mass. 134, 139 (2013) (College Hill). "In interpreting the meaning of a statute, we look first to the plain statutory language." College Hill, supra at 138.

As mentioned, the workers' compensation statute provides an insurer with a lien on the "gross sum received in payment for the injury" (emphasis supplied). The insurer here urges that we interpret this phrase in light of other uses of the term "injury" in G. L. c. 152, the workers' compensation act, where the word often appears to refer to the totality of harm suffered by a worker, including pain and suffering. See Randall's Case, 331 Mass. 383, 386 (1954) ("if reasonably practicable, words used in one place in a statute with a plain meaning are given the same meaning when found in other parts of the same statute"). See, e.g., G. L. c. 152, § 1 (using "compensable injury" to describe subset of injuries for which compensation may be paid); G. L. c. 152, § 29 (using word "injury" to refer to noncompensable damage -- i.e., that "which does not incapacitate the employee"). See also Crowley's Case, 287 Mass. 367, 374 (1934) (defining "injury" in workers' compensation statute to include "pain"). Such a reading would lead to the conclusion that a lien on a payment for "the injury" attaches to

all damages paid to the employee, including those for pain and suffering.

Such an interpretation, however, would require the word "injury" to take on two different meanings within § 15. In the section's opening phrase, "injury" is used narrowly to refer to "the injury for which [workers'] compensation is payable." G. L. c. 152, § 15. The insurer proposes that, three sentences later, where the provision speaks of the "gross sum received in payment for the injury," the word "injury" be read expansively to refer to all harms suffered by the worker, including those not covered by workers' compensation. Id. We cannot indorse this construction, which "would require us to attribute different meanings to the same words in the same paragraph." Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 543 (1984). See 2B N.J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction §  51:2 (7th ed. 2012), quoting Commissioner of Internal Revenue v. Ridgeway's Estate, 291 F.2d 257, 259 (3d Cir. 1961) ("the need for uniformity [in interpreting statutory language] becomes more imperative where . . . a word is used more than once in the same section"). See also Burke v. Atlantic Research Corp., 18 Mass. App. Ct. 497, 500-501 (1984), S.C., 395 Mass. 1009 (1985) (applying this canon to G. L. c. 152, § 15).

Instead, we interpret the phrase "gross sum received in payment for the injury" in light of the rule that, "[w]hen the Legislature uses the same term in the same section . . . , the term should be given a consistent meaning throughout." Commonwealth v. Hilaire, 437 Mass. 809, 816 (2002). See R.D. v. A.H., 454 Mass. 706, 714 (2009), quoting Beeler v. Downey, 387 Mass. 609, 617 (1982) ("where words are used in one part of a statute in a definite sense, they should be given the same meaning in another part of the statute"). Here, the first sentence of § 15 uses the word "injury" in the "definite sense," see R.D. v. A.H., supra, of "injury for which [workers'] compensation is payable." G. L. c. 152, § 15. Therefore, three sentences later, when the word "injury" is used as part of the phrase "gross sum received in payment for the injury," it "should be given the same meaning." See R.D. v. A.H., supra.

Construing the word "injury" consistently throughout § 15 comports with our view in Eisner v. Hertz Corp., 381 Mass. 127, 132 (1980) (Eisner), quoting G. L. c. 152, § 15, that "[f]or the insurer's right to reimbursement to attach, the injury must be one 'for which compensation is payable.'" As a result, "[§] 15 does not require reimbursement for an injury not compensable under c. 152." Eisner, supra at 133. Similarly, in Bruso's Case, 295 Mass. 531, 532 (1936), we indicated that only where third-party damages "are part of the compensation benefits to

which the employee is entitled under the [workers'] compensation act [is] the insurer . . . entitled to recover the amount from the proceeds of the settlement with the third person."[9]

We find further support for this interpretation later in § 15, where the statutory language contemplates an employee's receiving an award of damages from which an insurer has no right to recover. That provision references "the amount, if any, to which the insurer is entitled out of [an employee's recovery] by way of reimbursement" (emphasis added). See G. L. c. 152, § 15. Given that "a statute must be construed so that . . . no part will be inoperative or superfluous" (quotation and citation omitted), Bankers Life & Cas. Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998), the "if any" language must have

---

[9] Our statement in Rhode v. Beacon Sales Co., 416 Mass. 14, 19 (1993), that, "[u]ntil an 'excess' recovery exists, the entire recovery is for the insurer," is not to the contrary. The statement could not have been meant literally, given that G. L. c. 152, § 15, itself now expressly provides for an exemption for loss of consortium damages beyond that for excess recovery. See note 8, supra. Nor does this statement mean that all exemptions from the insurer's lien need be stated explicitly in the statute. Our cases have not read § 15 as containing an exhaustive list of what is and is not covered by the insurer's lien. See Bongiorno v. Liberty Mut. Ins. Co., 417 Mass. 396, 402 (1994) (employee's legal malpractice recovery subject to insurer's lien even though statute does not explicitly so provide); Hunter v. Midwest Coast Transp., Inc., 400 Mass. 779, 782 (1987) (excess third-party damages retained by employee reduce insurer's future obligations even though "[§] 15 makes no express provision regarding an insurer's right to offset any part of such an 'excess'"); Eisner v. Hertz Corp., 381 Mass. 127, 133-134 (1980) (concluding that statute includes exemption for loss of consortium damages, eleven years before that exemption was codified in St. 1991, c. 398, § 39).

cognizable meaning.  Our holding makes this possible, allowing the words to account for the rare instance where an award is allocated entirely to pain and suffering, resulting in its complete exemption from the insurer's lien.

The insurer contends that this exemption is not necessary to give effect to the words in question.  Rather, the insurer says, the "if any" language accounts for a situation of no relevance here:  one where the award is allocated entirely to damages for loss of consortium, which the statute expressly exempts from the lien.  See Hultin v. Francis Harvey & Sons, Inc., 40 Mass. App. Ct. 692, 698 (1996).  This, however, could not have been the situation contemplated by the Legislature in 1939, when the statute was amended to include the "if any" language, well before Massachusetts recognized a cause of action for loss of consortium.  See Diaz v. Eli Lilly & Co., 364 Mass. 153, 157-159 (1973) (recognizing loss of consortium claims and overruling 1909 case that disallowed such claims); St. 1939, c. 401 (adding provision regarding "amount, if any, to which the insurer is entitled").  By contrast, at that time, Massachusetts law had long recognized claims for pain and suffering and also had made use of special verdicts, which allow explicit allocations to pain and suffering.  See Reporter's Note to Rule 49 [1973], Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 793-794 (LexisNexis 2015-2016) (discussing

rule 49's provision for special verdict and citing to early cases); Pressey v. Wirth, 3 Allen 191, 191 (1861) (mentioning damages for pain and suffering).

The insurer also urges us to consider cases construing similar statutes, to apply the insurer's lien to damages for pain and suffering.  See United States v. Lorenzetti, 467 U.S. 167, 174 (1984) (discussing Federal Employees' Compensation Act); Hendry v. Industrial Comm'n, 112 Ariz. 108, 109 (1975), cert. denied, 424 U.S. 923 (1976); Dearing v. Perry, 499 N.E.2d 268, 270 (Ind. App. Ct. 1986); Perry v. Hartford Acc. & Indem. Co., 481 A.2d 133, 137-138 (Me. 1984); Tarr v. Republic Corp., 116 N.H. 99, 103-105 (1976); Bello v. Commissioner of the Dep't of Labor & Indus., 56 N.J. 41, 44-45 (1970).  The analysis in each of those cases, however, is compelled by the particular language of the statutes at issue, which are not identical to § 15 in material respects.  In particular, unlike G. L. c. 152, § 15, none of the statutes in the cited out-of-State cases limits both the meaning of "injury" to "injury for which compensation is payable" and the insurer's lien to "payment for the injury."[10]  Our conclusion, no less than those in the cited cases, is compelled by the statutory text.

---

[10] See 5 U.S.C. § 8132 (2012) (describing "injury or death for which compensation is payable" but requiring that employee "shall refund to the United States the amount of compensation paid by the United States" without using term injury); Ariz.

The view we take of the statutory language is also "consistent with the intent of the Legislature" in enacting the "workers' compensation" scheme. See Neff v. Commissioner of Dep't of Indus. Accs., 421 Mass. 70, 76 (1995). In this regard, we are mindful that, while G. L. c. 152 is meant "to protect injured workers," see Spaniol's Case, 466 Mass. 102, 109 (2013), § 15 has the additional aim of "reimburs[ing] the workers' compensation insurer and . . . prevent[ing] the employee's double recovery." See Lane v. Plymouth Rest. Group, 440 Mass. 469, 472 (2003), citing Rhode v. Beacon Sales Co., 416 Mass. 14, 17 (1993), Eisner, supra at 131, and Richard v. Arsenault, 349 Mass. 521, 524 (1965). Our construction of § 15 as excluding damages for pain and suffering from the insurer's lien neither

---

Rev. Stat. § 23-1023 (2015) (insurer "shall have a lien on the amount actually collectible from such other person to the extent of such compensation . . . paid"); Ind. Code § 22-3-2-13 (describing "injury or death, for which compensation is payable," but stating that "from the amount received by the employee or dependents there shall be paid to the [insurer] . . . the amount of compensation paid to the employee or dependents" without using term injury); Me. Rev. Stat. Ann. tit. 39, § 68 (repealed 1993) (insurer shall have "a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury"; language currently in Me. Rev. Stat. Ann. tit. 39-A, § 107 [2015]); N.H. Rev. Stat. Ann. § 281:14 (repealed 1989) (describing "an injury for which compensation is payable," but requiring that insurer shall have "a lien on the amount of damages . . . recovered by the employee" without using term injury; language currently in N.H. Rev. Stat. Ann. § 281-A:13 [2015]); N.J. Stat. Ann. § 34:15-40(b)-(c) (2015) (insurer "shall be entitled to be reimbursed . . . for the medical expenses incurred and compensation payments theretofore paid to the injured employee").

impinges on the insurer's right to "reimbursement" nor permits employees a double recovery.

An insurer "cannot be reimbursed for something that it did not pay" (emphasis added).  Vellucci v. Miller, 989 F. Supp. 2d 211, 215 (D.R.I. 2013) (citing Massachusetts workers' compensation statute to support conclusion that, under similarly worded Rhode Island workers' compensation statute, insurer cannot recover from employee's pain and suffering award).  See G. L. c. 152, § 15 ("insurer is entitled [to lien on] settlement by way of reimbursement" [emphasis supplied]).  The insurer here did not compensate the employees for their pain and suffering, and so cannot seek "reimbursement" from damages paid for those harms.  Cf. Oliveira v. Pereira, 414 Mass. 66, 73-74 (1992) (noting, in context of different statute, that "to be reimbursed, the plaintiff must have paid the sum due").  On the other hand, the insurer may -- and, pursuant to the settlements at issue here, will -- recover payments for harms that are covered by the workers' compensation statute, such as lost wages and medical expenses.

That the employees will receive both workers' compensation benefits and damages for pain and suffering does not constitute a proscribed "double recovery."  See Lane v. Plymouth Rest. Group, supra at 472.  "In determining whether an employee has received double recovery, we do not focus on the dollar amounts

recovered, but upon the nature of the injury asserted." Eisner, supra at 132. In other words, the goal of § 15 is not to return to the insurer the full dollar amount paid to an employee, but, rather, to avoid having an employee collect both benefits and damages for the same harm. Here, the employees recovered separately for two separate harms: from the insurer, workers' compensation benefits covering lost wages and medical expenses; and from the third-party defendants, damages for pain and suffering.

We also note that, like G. L. 152 as a whole, § 15 is designed to minimize tort litigation, see Estate of Moulton v. Puopolo, 467 Mass. 478, 483 (2014), and, thereby, to achieve "certainty and relative administrative convenience." Bongiorno v. Liberty Mut. Ins. Co., 417 Mass. 396, 402 (1994). Our conclusion furthers this legislative goal by giving employees incentive to compromise their claims even where they receive a settlement offer that does not yield an "excess" recovery. See G. L. c. 152, § 15 (exempting "excess" recovery from insurer's lien).

Finally, we emphasize that this result will not deprive an insurer of its reimbursement rights where an employee and a third-party defendant reach a settlement that would "stack the deck" against the insurer by inappropriately allocating the bulk of damages to pain and suffering. Section 15 precludes such a

result by requiring that all settlements be approved by the board or reviewing board of the Department of Industrial Accidents or by a judge after a hearing at which the insurer has a right to participate.  See G. L. c. 152, § 15.  Moreover, a settlement amount allocated entirely or in large part to pain and suffering will "be eyed by the court with a healthy dose of skepticism."  Hultin v. Francis Harvey & Sons, Inc., 40 Mass. App. Ct. 692, 699 (1996).

3.  Conclusion.  The judgment denying the appeal of the settlement in DiCarlo's case is reversed, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.  The judgment approving the settlement in Martin's case is affirmed.

So ordered.