COMMONWEALTH vs. NICKOLAS SYRAFOS.

No. 94-P-1136.

Barnstable. November 16, 1994. - March 6, 1995.

Present: SMITH, KAPLAN, & PORADA, JJ.

*Practice, Criminal*, Stipulation. *Rape. Evidence*, Medical record, Expert opinion, Relevancy and materiality, Sexual conduct, Cross-examination.

At a rape trial, there was no error in the judge's denying the defendant access to certain hospital records of the victim for treatment given more than two years before the alleged incident, where the defendant made no showing that the records were likely to be relevant. [213-214]

At the trial of an indictment for rape, where defense counsel had access, under court order, to certain treatment records of the victim, the judge did not err in denying the defendant's request to disclose the records or their contents to a mental health expert, where the defendant did not demonstrate that such disclosure was required to provide him a fair trial. [215-216]

At a rape trial, the defendant's claim that he was deprived of an opportunity to introduce evidence of the victim's statements to the defendant when they were alone was frivolous, where the victim denied making the statements and the defendant did not testify. [217]

At a rape trial the judge correctly excluded the defendant's proposed questions about the victim's alleged recent sexual conduct, where the defendant did not show any basis under G. L. c. 233, § 21B, for admission of evidence of specific instances of the victim's alleged sexual conduct. [217]

At the trial of a rape indictment, there was no error, in the circumstances, in the judge's excluding the defendant's proposed questions to the victim regarding the two previous times she was raped and the psychiatric problems stemming from those incidents. [217-219]

At a rape trial, the defendant was not prejudiced by the judge's limitation of the defendant's cross-examination of the victim, where it was clear that many of the questions the defendant proposed to ask had no basis in the evidence, and in any event, the defendant did not show he was prejudiced by the restriction. [219]

There was no merit to a criminal defendant's claim that the judge incorrectly instructed the jury. [219-220]

INDICTMENT found and returned in the Superior Court Department on November 4, 1991.

A motion to examine certain treatment records of the complainant was heard by *Herbert F. Travers*, J., and the case was tried before *Gerald F. O'Neill, Jr.*, J.

*Murray P. Reiser* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.

SMITH, J. Convicted by a jury of the crime of rape, on appeal, the defendant claims that the judge committed error by (1) denying a motion to examine certain treatment records of the victim, (2) denying motions requesting permission to disclose contents of treatment records of the victim to an expert, (3) denying a G. L. c. 233, § 21B, motion, (4) limiting cross-examination of the victim, and (5) misinstructing the jury.

The jury could have found the following facts from the evidence. The victim, seventeen years old, resided with her foster mother in Falmouth. The foster mother's former boyfriend had borrowed a chainsaw from the defendant. A couple of months before October 19, 1991, the day of the incident for which the defendant was on trial, the defendant appeared at the foster mother's home, inquiring about the chainsaw. The foster mother told him she did not have the chainsaw and that she did not want him coming by the house.

Despite the foster mother's response, the defendant, about two weeks before October 19, again appeared at the foster mother's residence, inquiring about the chainsaw. This time, the foster mother was not at home. He was let into the house by a babysitter. The victim was sitting on a couch, a blanket over her legs. The defendant kept uncovering the victim's legs, commenting what nice legs she had. The defendant eventually left the premises.

On the morning of October 19, the defendant went to the convenience store where the foster mother worked and again asked her for the chainsaw. He left immediately afterward and went to the foster mother's home. He knocked on the

door, and the victim responded. The victim, who had just awakened, was wearing underwear and a long shirt which covered her torso. The defendant asked if the foster mother was home and again asked about the chainsaw. Because of the way she was dressed, the victim went to her bedroom and put on some shorts. The defendant went to another bedroom and called the victim into that room. When she went into the bedroom, the defendant threw her onto the bed and, according to the victim, raped her. After the defendant left, the victim told a friend, her foster mother, and the police what had happened.

The theory of the defense was that the victim consented to the sexual intercourse. The defendant did not testify. Rather, after the Commonwealth rested, the jury was informed that the Commonwealth and the defendant had entered into the following stipulation: "[O]n October 19, 199[1], the defendant . . . had sexual intercourse with [the victim]." See *Commonwealth* v. *Triplett*, 398 Mass. 561, 570 (1986)(["i]f controvertible facts are agreed to by stipulation, those facts no longer are at issue and must be accepted by the fact finder").

1. *The issues relating to the denial of certain of the defendant's motions.* After the October 19 incident, the victim was treated as an outpatient over an extended period of time at a mental health facility (the clinic). The records of that treatment were given by the Commonwealth to the defendant. The records disclosed that the victim had also been treated, as an outpatient, at the clinic starting in 1989 and ending some months before the October, 1991, incident. Those records were not given to the defendant, and the defendant filed a motion requesting the court to order the Commonwealth to produce treatment and school records of the victim for the period January 1, 1988, to October 19, 1991, the date of the incident.

After a hearing, the judge allowed the defendant to examine the treatment and school records of the victim for the period commencing two years before and ending two years after the October 19 incident. The judge also ordered the defendant not to disclose or disseminate any portion of the con-

tents of the records to anyone without further order of the court.

a. *Claim of lack of access to certain records.* Defense counsel had learned from his examination of the clinic records that the victim had been treated at a psychiatric hospital in 1988. At the hearing, the defendant requested that he be allowed to examine the hospital records. The judge denied access to the hospital records because the defendant did not disclose how those records were likely to be relevant. *Commonwealth* v. *Bishop*, 416 Mass. 169, 180 (1993). Despite the fact that the denial of access to the psychiatric hospital records was without prejudice, the defendant did not renew his request. There was no error.[1]

b. *Denial of motion to disclose contents of victim's records to mental health expert.* After examining all of the clinic records, that is, the records of the treatment of the victim both before and after the October 19 incident, the defendant filed a motion requesting permission from the judge to allow him to show the records to a mental health expert "for purposes of preparing and mounting a defense in this criminal action."

In support of his motion, the defendant claimed that the records showed that the victim had been previously (before age ten) raped by her father and by a former therapist, and, as a result, the victim suffered from various psychological problems. According to the defendant, "[o]ften victims of childhood incest have flashbacks of prior rapes at the time they are having sexual intercourse," and "[i]t was possible that the [victim] was experiencing a flashback of a previous incident of sexual abuse during or immediately after having consensual intercourse with the defendant and this resulted in her believing that the defendant raped her." Given this possibility, the defendant argued, it was important for him to obtain an expert opinion as to whether it was probable that the victim's psychiatric problems affected her ability to per-

---

[1] The defendant was allowed to have access to the victim's school records. He does not raise as an issue on appeal that he was denied access to her 1988 school records.

ceive, recollect, and recall the incident in question and to distinguish the October 19 incident from similar incidents that had occurred in the past.

After examining the clinic records, the judge filed a memorandum of decision in which he denied the defendant's motion to disclose the contents of the records to a mental health expert. The judge found that (1) the defendant's claim that the victim suffered from a number of psychological problems, such as periods of mental blackouts, posttraumatic stress syndrome, suicidal ideas, memories of rape, distress, reminders of rape, and depression was not supported entirely by the records, (2) the defendant's claim that victims of childhood incest have flashbacks of prior rapes at the time they are having sexual intercourse was nothing more than "pop psychology" and not supported by any scientific evidence supplied by the defendant, and (3) the defendant's allegation that the victim may have had a flashback during sexual intercourse and, therefore, imagined she was being raped was also not supported by the records. The judge concluded that the purpose of the motion was to obtain an expert to render an opinion at trial that the victim had not been raped but engaged in consensual intercourse, and such testimony, in any event, would be inadmissible.

After the judge denied the motion, the defendant filed another motion, this time requesting that he be allowed to "verbally" disclose the contents of the victim's treatment records to a mental health expert. Again, the judge denied the motion, for the same reasons he had denied the "disclosure" motion. The defendant claims that the judge committed error in denying his motions. We disagree.

In *Commonwealth* v. *Bishop*, 416 Mass. at 182, the court stated that, after defense counsel has had access to the relevant portions of the privileged records, "[t]he burden is on the defendant to demonstrate that disclosure of the relevant portions of the records to the trier of fact is required to provide the defendant a fair trial." We think that the defendant has the same burden in regard to disclosure of the records to

a third person, including a mental health expert. Here, the defendant failed to meet that burden.

We have examined all of the clinic records, as did the trial judge. There is no question that the records disclose that, both before and after the October 19 incident, the victim suffered from some psychological problems such as depression, suicidal ideas and posttraumatic stress. There is nothing in the records, however, that supports the defendant's theory that the victim, after consenting to sexual intercourse, might have suffered a "flashback" and therefore believed she was raped. Nor is there anything in the records (or in the victim's testimony) that lends credence to the defendant's theory that the victim, because of her psychological problems, was not able to perceive, recollect, and recall the incident in question.

Even if an expert had been allowed to examine the clinic records and form an opinion, it is doubtful such testimony would have been admissible. The defendant admitted that he had sexual intercourse with the victim. It would not be within an expert's skills or special experience to testify that the sexual intercourse in this case was consensual, rather than forced. *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 403-404 (1985), citing *Commonwealth* v. *Montmeny*, 360 Mass. 526, 528 (1971). Further, the expert could not be called upon to render an opinion as to the victim's credibility. *Commonwealth* v. *Dickinson*, 394 Mass. 702, 706 (1985) ("witness cannot be asked to assess the credibility of his testimony or that of other witnesses"). It follows that the judge did not commit error in denying the defendant's motions to disclose, verbally or otherwise, the contents of the clinic records to a third party.

c. *Denial of G. L. c. 233, § 21B, motion.* On the first day of trial, the defendant filed a motion pursuant to G. L. c. 233, § 21B, seeking permission "to allow him to introduce evidence of the [victim's] sexual conduct with [the] defendant" and "recent [sexual] conduct of the [victim]." Further, the motion requested permission to question the victim about "her history of sexual abuse and its effect on her." The judge

held an in camera hearing on the motion. After the hearing, the judge allowed the motion in part and denied it in part.

i. *Evidence of the victim's sexual conduct with defendant and recent conduct of the victim.* As to evidence of the victim's sexual conduct with the defendant, the defendant requested permission to introduce evidence that the victim had told the defendant on October 19 that (1) she had engaged in sexual intercourse with her boyfriend the night before the October 19 incident, (2) she had engaged in sexual intercourse with her foster mother's previous boyfriend, and (3) she wanted to have sexual intercourse with the defendant's son. The defendant argued that his defense was consent and that these statements had been made by the victim for the purpose of "sexually arousing the defendant." The judge allowed the defendant to ask the victim if she had made such statements. When asked on cross-examination, the victim testified that she had not. The defendant argues that he was deprived of the opportunity of showing that she made the statements.

The defendant's claim is frivolous. The only persons present at the time the statements were allegedly made were the victim and the defendant. The victim denied making the statements, the defendant did not testify, and there was nothing in the materials offered by the defendant to show that she had made the statements.

Further, the defendant argues that he should have been allowed to question the victim whether she had sexual intercourse with her boyfriend the night before the October 19 incident. There was no claim that, to track the language of the statute, "recent conduct of the victim [was] alleged to be the cause of any physical feature, characteristic, or condition of the victim. . . ." G. L. c. 233, § 21B, as inserted by St. 1977, c. 110. The statute controls, and the judge's decision to deny introduction of what amounted to "[e]vidence of specific instances of a victim's sexual conduct" was correct.

ii. *Evidence of the victim's history of sexual abuse and its effect on her.* The defendant claims that the judge committed error when he was denied permission to question the victim

about the two previous times she was raped and her psychiatric problems that stemmed from those incidents. In particular, the defendant wanted to introduce in evidence those portions of the clinic records that he claimed showed that the victim suffered from flashbacks, hated all men, was sexually provocative, and had falsely accused other men of inappropriate behavior. The defendant claims that *Commonwealth v. Baxter*, 36 Mass. App. Ct. 45 (1994), decided after the trial in this case, supports his position.

In *Baxter*, the defendant was accused of rape, and his defense was consent. The complainant had been raped the previous year by another man with the same first name as the defendant under circumstances remarkably similar to those of the alleged rape for which Baxter was on trial. The complainant had been hospitalized for psychiatric problems stemming from the prior rape. The records showed that she suffered from, among other problems, "flashbacks" to the assault, "auditory hallucinations," and a "negative view of men." *Id.* at 48. A psychiatrist was prepared to testify that "the complainant's 'history impacts on her ability to perceive, recollect, and recall the events in question' and that the 'flashbacks' were significant with respect to her 'ability to distinguish the events in question with the past event.' " *Id.* at 48-49. The judge excluded the evidence.

The court held that it was error to exclude the evidence because Baxter "was seeking to show that the complainant had been victimized, that she was suffering from psychiatric problems as a result of that assault, and that because of those problems *and* the many remarkable similarities of that trauma to the present incident, she was unable to distinguish between the two situations" (emphasis in original). *Id.* at 51. Because the evidence went to the "heart of the defense," Baxter should have been allowed to present the evidence. *Id.* at 52.

It is clear that the court in *Baxter* limited its decision to the particular facts present in that matter. In this case, the rape for which the defendant was being tried was not "remarkabl[y] similar" to the two rapes that had occurred

over seven years before. Further, as we have previously stated, the clinic records did not show that the victim suffered "flashbacks" or "auditory hallucinations." This case is distinguishable from *Baxter*, and there was no error.

2. *Limitation on cross-examination.* The defendant claims that the judge improperly limited his cross-examination of the victim regarding her credibility, her ability to perceive the event in question, her ability to distinguish the October 19 incident in question from the prior rapes, and her bias and motive to lie.

It is clear that many of the questions that the defendant proposed to ask the victim had no basis in the evidence. "The attempt to communicate impressions by innuendo through questions which are answered in the negative, . . . when the questioner has no evidence to support the innuendo, is an improper tactic which has often been condemned by the courts." *Commonwealth* v. *White*, 367 Mass. 280, 284 (1975), quoting from A.B.A. Standards Relating to The Prosecution Function § 5.7(d)(Approved Draft 1971). It is clear that the defendant was attempting to elicit inadmissible evidence affecting the victim's credibility in violation of G. L. c. 233, § 21B.

"[T]he scope and contours of cross-examination are within the judge's sound discretion, and . . . he or she may limit 'to what extent the accuracy, veracity, and credibility of a witness may be tested.'" *Commonwealth* v. *O'Connor*, 407 Mass. 663, 672 (1990), quoting from *Commonwealth* v. *Repoza*, 382 Mass. 119, 125 (1980). The judge's discretion "is not subject to reversal unless the defendant can show he was prejudiced by too narrow a restriction in his cross-examination rights." *Ibid.*

We have examined the cross-examination in its entirety. We hold that the defendant was not prejudiced by the judge's limitation on his cross-examination of the victim.

3. *The judge's instructions to the jury.* Having examined the judge's instructions, we conclude that the defendant's

claim that the judge improperly instructed the jury is without merit.

*Judgment affirmed.*