COMMONWEALTH vs. GLENN E. VICKERY.

No. 11-P-587.

Bristol. June 1, 2012. - July 23, 2012.

Present: KANTROWITZ, WOLOHOJIAN, & MILKEY, JJ.

*Jury and Jurors. Practice, Criminal,* Jury and jurors, Voir dire, Examination of jurors, Comment by judge.

At the trial of criminal complaints charging the defendant with indecent assault and battery on a child under the age of fourteen years, the judge did not err in not questioning each potential juror individually as to whether the juror had been the victim of sexual abuse during childhood, where, on both days of jury selection, the judge asked the entire venire the question at issue, and where, in context, the judge adequately explored the subject with the individual jurors. [234-237]

At a criminal trial, certain comments from the judge did not deprive the defendant of a fair and impartial trial. [237-238]

COMPLAINTS received and sworn to in the New Bedford Division of the District Court Department on October 19, 2009, and January 22, 2010.

The cases were tried before *Joseph I. Macy,* J.

*Diana Cowhey-McDermott* for the defendant.

*Yul-mi Cho,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. The defendant, Glenn E. Vickery, was convicted of two counts of indecent assault and battery on a child under the age of fourteen pursuant to G. L. c. 265, § 13B. On appeal, the defendant argues that (1) the trial judge erred in not questioning each potential juror individually as to whether the juror was a victim of sexual abuse during childhood; and (2) the trial judge's comments to jurors deprived the defendant of a fair and impartial trial. We affirm.

*Individual voir dire.* "General Laws c. 234, § 28, . . . requires a trial judge to question prospective jurors individually when it

appears that their impartiality may be affected by extraneous issues." *Commonwealth* v. *Flebotte,* 417 Mass. 348, 355 (1994). The Supreme Judicial Court has required judges, when requested, to "interrogate individually each prospective juror as to whether the juror has been a victim of a childhood sexual offense." *Id.* at 353. Broad discretion is reserved for the trial judge "in determining what questions to ask potential jurors on this sensitive issue." *Id.* at 356. The acquiescence of defense counsel to actions taken by the trial judge can constitute a waiver of any objection to the judge's actions. See, e.g., *Commonwealth* v. *Franchino,* 61 Mass. App. Ct. 367, 371-372 (2004) (failure to renew objection to jury charge amounted to waiver); *Commonwealth* v. *Fling,* 67 Mass. App. Ct. 232, 236 (2006) (agreement to frequent continuances).

Here, on both days of the jury selection, the judge asked the entire venire the question at issue.[1] Everyone who affirmatively responded or wished to privately discuss his or her answer with the judge was told to form a line for individual questioning at sidebar. Juror no. 13 joined this line and spoke with the judge, who then instructed her to return to her seat.[2]

Following the questioning of the potential jurors who had raised their hands, the judge explained to all the jurors that the process would begin again and that he would question them individually because "we do everything twice in cases like this." At sidebar, the judge asked the complete question at issue

---

[1] "[H]as any juror or anyone you're close to, ever been the victim of a sexual assault, including such assault when they, or you, or anybody you know, were a child? If the answer's yes, fine, if not — [t]hese are the kind of questions that if you're reluctant to raise your hand, that's fine. You can still get [in] line and we'll take care of the answers."

[2] The sidebar questioning of juror no. 13 was as follows:

THE COURT: "And, ma'am, which question or questions did you answer yes to?"

JUROR: "None."

THE COURT: "Alright. Then what are you doing here?"

JUROR: "Oh, I don't know."

THE COURT: "You think you could be fair and impartial in this case?"

JUROR: "Yes, I do."

to all but two of the eventually-seated jurors. Specifically, jurors no. 3 and no. 13 were not asked whether they themselves had been the victims of a sexual offense. However, in context, it is clear that the subject was adequately explored.

In the second round of questioning, juror no. 3 was called to sidebar for the first time and questioned by the judge as follows:

THE COURT: "Hi, sir. I know you didn't raise your hand and [indiscernible . . . low audio at side bar], I have to ask some other questions . . . Is there anything about these allegations that would cause you to not be fair and impartial?"

JUROR: "No."

THE COURT: "Nobody in your family or close relative or friend has ever been involved in a case like this?"

JUROR: "No."

THE COURT: "You don't have strong feelings about cases like this?"

JUROR: "Not that I know of."

THE COURT: "Alright. Well, that's [indiscernible]. And you think you'd be able to determine the facts based solely on a fair consideration of the evidence?"

JUROR: "Yes."

Juror no. 13, who had spoken with the judge previously, was asked a series of questions during the second round of questioning:

THE COURT: "Now, I have to ask questions that [indiscernible] before, [indiscernible] but is there anything about these allegations that would affect your ability to give the Defendant a fair trial?"

JUROR: "[Indiscernible.]"

THE COURT:    "Has anybody in your family, a close rela-
tive, or friend, [indiscernible] the victim or
accused of a sexual assault?"

JUROR:    "No."

THE COURT:    "You think you'd be able to determine the
facts in this case based solely on a fair
consideration of the evidence and nothing
but?"

JUROR:    "[Indiscernible.]"

THE COURT:    "Okay. You can have a seat."

It was acknowledged at sidebar that neither of these two
jurors raised a hand to any questions, including the key one. In
addition, both of those jurors were asked whether they had
friends or family who were victims of abuse. This question,
along with the earlier one to the venire, provided them the op-
portunity to disclose personal abuse. It is difficult to believe,
under these circumstances, that when asked whether anyone in
one's family had been the victim of sexual abuse, a potential
juror would not believe that he or she was not included, especially
when that very question was earlier asked. In speaking with the
jurors at sidebar, the judge was in a unique position to discern
any discomfort or hesitancy. Furthermore, throughout the selec-
tion process, the defendant had numerous opportunities to bring
the oversight to the judge's attention but failed to do so. By
failing to act, the defendant waived any objection to the judge's
voir dire procedure, and understandably so. Our reading of the
record indicates that the issue was adequately addressed.

*Judge's comments.* The defendant argues that the judge
deprived him of a fair and impartial trial by making two com-
ments, one to a juror during the selection process and the other
during a preliminary jury instruction. Such comments are viewed
in context and in their entirety. See *Commonwealth* v. *Payne*,
426 Mass. 692, 701 (1998); *Commonwealth* v. *Carney*, 31 Mass.
App. Ct. 250, 252-253 (1991).

At sidebar, the judge discussed with a potential juror concerns
about the juror's ability to be impartial. Even if the judge's

comment to the juror in this instance could be considered troublesome, which we do not conclude, it occurred at sidebar and was made to a juror who was ultimately excused.

The defendant also claims error when the judge told the jury: "A couple of things I have to tell you, some of which may sound ridiculous, and, frankly, they are a little bit, but I'm required to tell you this. Don't hear anything about this on the radio . . . ." The judge went on to mention newspapers and television, and concluded, "I'm not at all worried about that." Viewed in context, while arguably better left unsaid, it is difficult to see this as anything other than an inartful expression of the judge's opinion of the unlikelihood of jurors hearing about the trial in the media. The defendant has provided no evidence that the judge's comment constituted bias or misled the jury or, in fact, was anything other than ultimately accurate.

*Judgments affirmed.*