A jury convicted the defendant, Rachel M. Lee, of operating a motor vehicle on a public way while under the influence of alcohol, see G. L. c. 90, § 24(1)(a )(1) (OUI).[2] In this direct appeal, the defendant contends that (1) the judge abused his discretion in admitting limited evidence of the defendant's performance on a horizontal gaze nystagmus (HGN) test;[3] (2) the admission of such testimony interfered with the defendant's ability to cross-examine the arresting officer; and (3) the testimony misled the jury. We affirm.
1. Admission of HGN testimony. The defendant contends that the judge abused his discretion in allowing the arresting officer to testify about the defendant's performance on an HGN test without requiring the Commonwealth to lay the foundation for admission of scientific evidence. We review the defendant's claim for an error of law or abuse of discretion. Commonwealth v. Pytou Heang, 458 Mass. 827, 851 (2011).
The defendant correctly asserts that the Commonwealth must lay an evidentiary foundation for scientific testimony before introducing testimony on an HGN test because it "relies on an underlying scientific proposition" that is "not within the common experience of jurors." Commonwealth v. Sands, 424 Mass. 184, 188 (1997). This is different from ordinary field sobriety tests that measure a person's "balance, coordination, and mental acuity," because "[a] lay juror understands that intoxication leads to diminished" capacity for all three. Ibid. Without the proper foundation, any mention of the use of an HGN test is generally improper. Commonwealth v. Dumais, 60 Mass. App. Ct. 70, 73 (2003).
However, here, the judge confined the arresting officer's testimony to his observation of the defendant's physical performance and mental acuity during the HGN test. For example, the officer testified about the defendant's failure to touch his finger with her own from a distance of about one foot away, and her inability to comply with his direction that she follow his finger without moving her head from side to side. The officer made no mention of HGN or an involuntary eye movement. The testimony in fact did not refer to an HGN test, but instead merely related the officer's percipient observations of the defendant's ability to coordinate her movements in accordance with the officer's instructions. Accordingly, where the judge limited the testimony to admissible evidence pertaining to the defendant's motor skills and mental acuity, we see no error of law or abuse of discretion. See Sands, 424 Mass. at 188.
2. Interference with cross-examination. The defendant also asserts that the admission of the above-described testimony violated her confrontation rights under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights because she was unable to confront the arresting officer regarding the problems associated with the HGN test. This claim lacks any merit.
"[T]he judge has broad discretion to determine the scope and extent of cross-examination," Commonwealth v. Johnson, 431 Mass. 535, 538 (2000), and need not permit the defense to cross-examine regarding properly excluded evidence. See Commonwealth v. Syrafos, 38 Mass. App. Ct. 211, 219 (1995) (attempts to elicit inadmissible evidence on cross-examination properly curtailed).
Notably, trial counsel mounted a vigorous cross-examination of the witness, which included the witness's acknowledgement that the finger touch and head movement tests were not standardized field sobriety tests. However, the arresting officer was not an expert on HGN, the Commonwealth did not introduce HGN evidence, and the defendant wisely elected not to open the door to inculpatory evidence. In our view, there was no error, and the judge's ruling did not hamper proper cross-examination of a relevant trial issue. See ibid.
3. Misleading the jury. Finally, the defendant contends that the challenged testimony misled the jury. We disagree. Misleading or confusing evidence is inadmissible only if the potential for confusion substantially outweighs its relevance. Commonwealth v. Beausoleil, 397 Mass. 206, 217 (1986). The Commonwealth needed to prove the defendant's diminished capacity to operate a motor vehicle safely. Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016). Evidence of the defendant's physical coordination and mental acuity is competent proof of this element, and the Commonwealth did not present the evidence in a confusing manner. Lay jurors understand that intoxication decreases coordination and mental acuity, see Sands, supra, and the arresting officer, without mentioning HGN, only testified to his observations of the defendant's physical coordination and mental acuity during her performance of the test. We discern no error.
Judgment affirmed.

The defendant was also charged with failure to stop for a police officer, see G. L. c. 90, § 25, but the judge dismissed that charge before trial upon the defendant's request. After the jury verdict, the defendant pleaded guilty to the subsequent offense portion of the charge.

"Nystagmus is 'an abnormal and involuntary movement of the eyeballs from side to side or up and down, but usually from side to side.' " Commonwealth v. Sands, 424 Mass. 184, 186 (1997), quoting from State v. Merritt, 36 Conn. App. 76, 84 (1994). "The underlying theory is that there is a strong correlation between the degree of a person's intoxication and the angle at which the person's eyes begin to exhibit evidence of nystagmus." Sands, supra at 187.