NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1102

COMMONWEALTH

vs.

ARTHUR MELLEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On July 19, 2018, the defendant's fiancé called the police after learning that the defendant may have been suicidal and that her handgun was missing. Norwood police officers responded to the call and found the defendant passed out in a lawn chair in the backyard of a side-by-side duplex, the right side of which he shared with his fiancé, holding his fiancé's handgun. The defendant was tried on two counts of a five-count indictment: carrying a firearm without a firearm identification card (count two) and larceny of a firearm (count three).[1] On

_____

[1] Count one of the indictment, alleging the carrying of a loaded firearm without a license, was nolle prossed on December 10, 2019, the first day of trial. The defendant's motion to dismiss count four of the indictment, seeking a sentencing enhancement for the commission of a firearm violation with one prior conviction of a violent or drug crime, was granted prior to trial, on November 18, 2019. Count five of the indictment, for carrying a firearm without a license (second offense), was

count two of the indictment, the jury found the defendant guilty of the lesser-included offense of possession of a firearm; on count three the defendant was found not guilty.  After argument, we stayed this appeal pending proceedings in the Supreme Judicial Court in Commonwealth v. Guardado, 491 Mass. 666 (2023) (Guardado I), S.C., 493 Mass. 1 (2023) (Guardado II).  Because the Commonwealth presented no evidence at trial as to nonlicensure, the Commonwealth acknowledges, and the defendant agrees, that in light of Guardado I, 491 Mass. at 668, the defendant's conviction of the lesser-included offense of unlawful possession of a firearm in violation of G. L. c. 269, § 10 (h), should be vacated.  We also agree that if the Commonwealth elects to retry the defendant on this count of the indictment, see Guardado II, 493 Mass. at 7, double jeopardy principles require that he may be tried only for the lesser-included offense.[2]  We address the defendant's other claims of error to the extent they may arise in any subsequent retrial.

1.  Voir dire.  After exchanging proposed attorney voir dire questions, the parties each agreed, at the final pretrial conference, that they had no objections to the other's

---

dismissed at the request of the Commonwealth on December 13, 2019, following trial.

[2] We decline the defendant's invitation to order entry of a not guilty finding as to counts one, four, and five of the indictment.  See note 1, supra.

2

questions. During empanelment the Commonwealth asked its proposed questions without objection, including question four, "Do you understand and accept that, as a juror, your only duty is to determine the facts of the case?" After the jurors were seated, defense counsel noted at side bar that while he did not think any of the jurors were "really misled" by question four, he asked that when the judge instructed the jury, the judge make clear that the jurors' job included more than just determining the facts. The judge agreed, and as requested, provided proper instruction on the role of the jury at least four times after empanelment. On appeal, the defendant argues that question four was improper, as a juror's role includes more than just determining the facts of the case, and that the trial judge abused his discretion by permitting it to be asked. The Commonwealth rightly conceded at argument that the question standing alone was not correct.

Here, defense counsel did not object to the question when it was proposed or after it was asked. Instead, he asked that the judge provide some further instruction to the jury that they apply the law as given to them by the judge; the judge provided that instruction repeatedly. As a result, the defendant's claim is waived. See Commonwealth v. Vickery, 82 Mass. App. Ct. 234, 235 (2012) ("acquiescence of defense counsel to actions taken by the trial judge can constitute a waiver of any objection to the

judge's actions").  In any event, because we presume that jurors follow instructions, Commonwealth v. Anderson, 445 Mass. 195, 214 (2005), and the judge explained the jury's role, any harm to the defendant resulting from the question "was cured by the judge's instructions to the jury."  Commonwealth v. Horn, 23 Mass. App. Ct. 319, 325 (1987).  "[A]ny error was not 'of a type and seriousness which should lead [the court] to reverse in the absence of a proper [objection]'" (citation omitted).  Id.

2. Jury nullification instruction.  During the trial, defense counsel requested an instruction on jury nullification, which the judge denied.  A defendant does not have a right to a jury nullification instruction; there was no error.  See Commonwealth v. Kirwan, 448 Mass. 304, 319 (2007) (no error in failing to provide jury nullification instruction as "[j]ury nullification is inconsistent with a jury's duty to return a guilty verdict of the highest crime proved beyond a reasonable doubt").[3]

Conclusion.  In light of Guardado I, 491 Mass. at 668, the defendant's conviction of unlawfully possessing a firearm in

---

[3] At the close of the Commonwealth's case, and again after the close of all the evidence, the defendant moved for a required finding of not guilty as to the larceny and carrying charges, conceding that the evidence was sufficient to find him guilty of possession of a firearm.  As the jury acquitted the defendant of larceny and carrying charges, any error in the denial of the motions was harmless.  See Commonwealth v. Cook, 419 Mass. 192, 204 (1994).

4

violation of G. L. c. 269, § 10 (h), is vacated, and the verdict is set aside.

So ordered.

By the Court (Milkey,
  Massing & Henry, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  December 6, 2023.

---

[4] The panelists are listed in order of seniority.