NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-176

COMMONWEALTH

vs.

PETER KAMEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Peter Kamel, was convicted of one count of assault and battery on a family or household member.[1] On appeal, he contends that the judge erred in limiting cross-examination of the victim. We affirm.

Background. At the time of the offense, the defendant and the victim were in a dating relationship and lived together with the victim's two children. On the evening of December 30, 2020, while the victim and the defendant were having dinner, the victim noticed that the defendant was drinking "straight" vodka.

---

[1] The defendant was charged with two counts of assault and battery on a family or household member: count one for grabbing the victim and count two for striking the victim. The jury found the defendant guilty of count one and not guilty of count two.

An argument regarding a "very old" issue ensued, during which the defendant became "very aggressive." The victim tried to leave the kitchen, but the defendant "cornered" her and prevented her from leaving. He then pushed her against the refrigerator, grabbed her "by the arms very hard" with both of his hands, shook her back and forth, shoved her, yelled at her, and threatened her. The victim went to the master bedroom, locked the door, pretended to take a shower in the bathroom, and "called 911."[2]

Between three to ten minutes later, police officers arrived at the victim's home. Officer Alex Coletti spoke with the victim, who was trembling and visibly upset. He observed "slight redness on the left side of her face."[3] In the meantime, Officer Patrick Daly spoke with the defendant and smelled the odor of an alcoholic beverage "emanating from his person." The defendant told Officer Daly that "he was being lied to" by the victim, "which frustrated him." He further told Officer Daly that he used his hands to grab the victim and demonstrated how "he used both of his hands to grab [the victim] by both of her arms" and how "he shook her."

_____

[2] An audio recording of the victim's 911 call was admitted as a trial exhibit and played for the jury.

[3] Officer Coletti took photographs of the victim's face, copies of which were admitted as trial exhibits.

Discussion.  During cross-examination of the victim at trial, defense counsel asked her if she had "reported [her former husband] to the police as well."  After the judge sustained the Commonwealth's objection to this question, defense counsel asked to approach sidebar.  The judge denied the request.  The defendant now contends that, where the case hinged on the victim's credibility, this limitation on cross-examination constituted prejudicial error.  The claim is unavailing.

The right to cross-examine is not absolute and is subject to reasonable limitations.  Judges have "broad latitude to direct the course of a trial, and this judicial discretion extends to limiting and otherwise controlling cross-examination."  Commonwealth v. Vardinski, 438 Mass. 444, 451 (2003).  "Those limits are 'based on concerns about . . . harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant.'"  Commonwealth v. Chicas, 481 Mass. 316, 320 (2019), quoting Commonwealth v. Johnson, 431 Mass. 535, 540 (2000).  "Moreover, a judge has discretion to limit questions that involve collateral issues and questions where the connection to the evidence of bias is too speculative."  Chicas, supra.  A judge's decision to restrict cross-examination is reviewed for abuse of discretion and "is not subject to reversal unless the

3

defendant can show he was prejudiced by too narrow a restriction in his cross-examination rights" (citation omitted). Commonwealth v. Syrafos, 38 Mass. App. Ct. 211, 219 (1995).

In the present case, we discern no abuse of discretion.[4] At trial, the defendant did not make any offer of proof explaining the relevance of the victim's alleged prior report of her former husband to law enforcement. Nor did he seek a voir dire. Moreover, the defendant does not specify in his appellate brief how or why the limitation on cross-examination could have impacted the victim's credibility or otherwise impacted the jury's determination. In fact, defense counsel was permitted to explore several issues bearing on the victim's credibility. We

---

[4] The parties dispute whether the issue was properly preserved for appeal. The defendant claims that his failure to object at trial is not critical because he "attempted to make a timely objection," but the judge denied his request for a sidebar discussion. The Commonwealth argues that, absent any objection, our review is limited to whether any alleged error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). We agree with the Commonwealth that the defendant should have launched a specific objection and failed to do so. See Commonwealth v. Vickery, 82 Mass. App. Ct. 234, 235 (2012) ("[t]he acquiescence of defense counsel to actions taken by the trial judge can constitute a waiver of any objection to the judge's actions"). The judge's denial of the request to approach sidebar did not preclude defense counsel from objecting. Indeed, during a subsequent sidebar discussion, the issue arose again, and defense counsel failed to object despite ample opportunity to do so. In any event, under either standard of review, the defendant does not explain, much less demonstrate, how the alleged limitation on cross-examination caused prejudice or created a substantial risk of a miscarriage of justice.

also note that the case against the defendant was strong in view of Officer Coletti's observation of the victim at her home within minutes of the 911 call, the redness on her face, and the defendant's admission to Officer Daly that he had grabbed the victim.[5]  In these circumstances, the defendant has not demonstrated prejudice and, absent such, reversal is not warranted.  See Syrafos, 38 Mass. App. Ct. at 219.

Judgment affirmed.

By the Court (Neyman, Shin & Wood, JJ.[6]),

Clerk

Entered:  March 17, 2025.

---

[5] That the jury acquitted the defendant of one of the two charges is also some indication that he was not prejudiced.  See Commonwealth v. Hampton, 91 Mass. App. Ct. 852, 855 (2017).

[6] The panelists are listed in order of seniority.