NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1170

JOHN WEIR & others[1]

vs.

SHAWNLEE CONSTRUCTION, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury awarded damages to the plaintiff, John Weir (Weir), in the amount of $750,000.[3]  On appeal, Weir claims that (1) the judge committed error by not submitting Weir's request to the jury for a special jury verdict form which would have clarified how the jury apportioned the damages,

---

[1] Jennifer Weir, individually and as parent and next friend of Jocelyn Weir and Jordyn Weir.

[2] Liberty Mutual Insurance Company, Erland Construction, Inc., Overlook Ridge Chase II L.L.C., Overlook Ridge L.L.C., Mack-Cali Realty Corporation, and Roseland Property Company.

[3] The jury also awarded $250,000 to plaintiff Jennifer Weir for her loss of consortium, $30,000 to plaintiff Jocelyn Weir for her loss of parental society, and $20,000 to plaintiff Jordyn Weir for her loss of parental society.  These awards are not at issue in this appeal.

(2) the judge committed error in his order approving third-party reimbursement which allocated the jury's damages award pursuant to G. L. c. 152, § 15, and (3) the judge's order acknowledging satisfaction of judgment was erroneous.  We affirm.

Background.  On April 13, 2016, Weir, an electrician, was working on a construction project at a property operated by Erland Construction, Inc., and owned by several different entities.  A set of stairs collapsed while Weir was walking on it, causing him to fall and sustain injuries.  The stairs had been installed by subcontractor Shawnlee Construction, LLC (Shawnlee), and the project was insured by Liberty Mutual Insurance Company (Liberty).

Weir had to undergo multiple surgeries and was out of work and disabled for approximately two years.  While Weir was out of work, Liberty paid his medical expenses and lost wages under workers' compensation coverage.  Liberty asserted a lien pursuant to G. L. c. 152, § 15 (§ 15), in that amount, comprising $85,644.85 in medical payments and $29,446.96 for lost wages.

Weir filed suit against the defendants.[4]  In addition to the lost wages and medical bills, Weir also alleged pain and suffering.

---

[4] Weir's wife and two minor daughters joined in the suit as consortium plaintiffs.

2

Prior to trial, Shawnlee admitted to negligently constructing the staircase and that this negligence caused the staircase to collapse; a jury trial took place on damages only. Before the final jury charge, the parties each filed a proposed jury verdict form, which included special questions. Weir argued that the jury needed to allocate damages into specific categories, claiming that certain categories of damages (including pain and suffering) are beyond the reach of the workers' compensation insurer's lien held by Liberty. The judge denied Weir's request, stating, "I could not think of a way to do it [breaking out the damages into subcomponents] that would not risk creating confusion in the juror[s'] minds between my oral instructions, which detail six or seven or eight damages-related components and what would be on the verdict form by way of subcomponents."

The verdict form submitted to the jury simply stated, "What amount, if any, do you award John Weir for the damages he suffered as a result of the staircase collapse?" Weir timely objected. The jury awarded $750,000 in damages to Weir and a total of $300,000 in damages for loss of consortium to the three members of his family. With costs and prejudgment interest, judgment entered in the amount of $1,712,391.09.

Shawnlee promptly delivered three checks to Weir's counsel totaling $1,717,461.51, which was the amount of the judgment

3

plus nine days of postjudgment interest. Weir's counsel accepted the payment, deposited the checks, and distributed at least some of the funds.

Weir then filed a "motion for judicial approval of third party reimbursement under G. L. c. 152, § 15" (§ 15 motion), in which he asked the judge to resolve Liberty's lien by apportioning the $750,000 jury verdict in one of three ways: (1) $682,324.27 for pain and suffering, or (2) $680,000 for pain and suffering, or (3) $630,000 for pain and suffering. Liberty opposed Weir's apportionments and requested that the court allocate $514,500 for pain and suffering. The parties submitted documentation in support of their respective requests for allocations. In response to the § 15 motion, the judge allocated $630,000 to pain and suffering and $120,000 to medical expenses and lost compensation.

Additionally, Shawnlee filed a "motion to acknowledge satisfaction of judgment," which Weir opposed, and the judge allowed.

Discussion. 1. General Laws c. 152, § 15 order. As a threshold matter, we must consider whether the claims Weir makes regarding the § 15 motion are properly before us. In a civil case, an appellant "who by his conduct induces the commission of some error by the trial court, or, in other words, who has invited error, is estopped from insisting that the action of the

4

court is erroneous" (citation omitted).  <u>Box Pond Ass'n</u> v. <u>Energy Facilities Siting Bd</u>., 435 Mass. 408, 422 n.14 (2001).

Here, Weir requested that the judge approve reimbursement of Liberty's lien, offering three "scenarios" detailing how to allocate the jury's verdict, with each scenario necessitating a judicial determination of pain and suffering.  Weir invited the judge to allocate damages and to do so in the manner he suggested; he is thus estopped from now appealing as error either the fact that the judge allocated the damages or that he did so by way of endorsing one of Weir's offered scenarios.  See <u>Box Pond Ass'n</u>, 435 Mass. at 422 n.14.

Furthermore, Weir requested that the judge allocate the jury damages award pursuant to § 15.  That general law and section does not grant a party the right to a jury trial in the allocation, nor did Weir request one.  See G. L. c. 152, § 15. By suggesting the procedure the judge used, Weir has waived any right to argue on appeal that the judge's allocation was a violation of his right to a trial by jury under the Seventh Amendment to the United States Constitution or art. 15 of the Massachusetts Declaration of Rights.  See, e.g., <u>Commonwealth</u> v. <u>Vickery</u>, 82 Mass. App. Ct. 234, 235 (2012) ("The acquiescence of

5

defense counsel to actions taken by the trial judge can constitute a waiver of any objection to the judge's actions").[5]

Regarding the particular allocation made, we conclude there was no error. Pursuant to § 15, "[w]hen an employee recovers damages from a third party, the workers' compensation insurer is statutorily entitled to a lien on the recovery in the amount that the insurer paid to the employee in benefits." DiCarlo v. Suffolk Constr. Co., 473 Mass. 624, 625 (2016). However, § 15 excludes damages for the insured's pain and suffering from any amount recoverable by the insurer. See id. at 633 ("The insurer here did not compensate the employees for their pain and suffering, and so cannot seek 'reimbursement' from damages paid for those harms").

A judge is required to "inquire and make a finding . . . on the fair allocation of the proceeds" (brackets omitted). Hultin v. Francis Harvey & Sons, Inc. 40 Mass. App. Ct. 692, 696-697 (1996), citing G. L. c. 152, § 15. We will "accept the judge's

_____

[5] Because Weir is estopped from raising these issues on appeal, we do not reach his argument that the denial of his request for a special verdict form violated the Seventh Amendment to the United States Constitution and art. 15 of the Massachusetts Declaration of Rights. After the jury returned its damages award, Weir could have requested a jury trial on allocation of the damages award, but he did not. Instead, as noted above, he asked the judge to allocate the damages award pursuant to § 15. We express no view on whether Weir had a constitutional right to a jury trial on allocation of the damages award.

6

over-all finding [if] it is not clearly erroneous and is supported by evidence in the record." Hultin, supra at 697. The parties, in their respective proposals, agree that the total benefit payments Liberty made were $115,091.81. Further, the judge considered all evidence introduced at trial regarding Weir's injuries, including the medical expenses, lost compensation, and pain and suffering resulting from his injuries, and made specific findings as to each.

We see no error in the judge's conclusion that it was fair and reasonable to allocate $630,000 to pain and suffering, which represented eighty-four percent of the jury's damages award to Weir. As stated above, this was one of the proposals that Weir himself suggested in his § 15 motion. We conclude that the judge's findings were neither clearly erroneous nor unsupported by evidence in the record.

2. Order on motion to acknowledge satisfaction of judgment. The amount of the judgment was $1,712,391.09. Nine days after judgment, Shawnlee paid Weir more than that amount in satisfaction of the judgment. Weir's counsel accepted the payment, deposited the checks, and distributed funds. Accordingly, the judge properly determined that the judgment had

been satisfied.  There was no error in the judge's order acknowledging satisfaction of judgment.[6]

Order approving third-party
  reimbursement under G. L.
  c. 152, § 15, affirmed.

Order acknowledging
  satisfaction of judgment
  affirmed.

By the Court (Ditkoff,
  D'Angelo & Wood, JJ.[7]),

Clerk

Entered:  November 18, 2025.

---

[6] We deny Shawnlee's request for an award of appellate attorney's fees pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

[7] The panelists are listed in order of seniority.